YVON J. RICHARD *vs.* JOSEPH R. ARSENAULT
(and a companion case[1]).

Essex.    May 7, 1965. — July 6, 1965.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Workmen's Compensation Act,* Action against third person.

Where an insurer paid compensation under the Workmen's Compensation
Act, G. L. c. 152, to an injured employee who properly brought a tort
action under § 15 against a third person to enforce the legal liability
of the defendant to pay damages for the injury, and before the date of
an agreed settlement of the tort action the employee had ceased to re-
ceive workmen's compensation but the compensation case "remain[ed]
open and it . . . [was] uncertain whether or not the payment of fur-
ther compensation . . . [would] be required in the future," it was held
that the amount of an excess of the settlement sum over the total work-
men's compensation theretofore paid should be determined as of the
settlement date, that the employee was the absolute owner of the excess,
and that the amount of the excess should be offset against any obliga-
tion of the insurer to pay workmen's compensation to the employee in
the future.

Two ACTIONS OF TORT.    Writs in the Superior Court dated
September 15, 1962.

The Travelers Insurance Company was allowed to appear
in each action.    The actions were reported by *Lappin, J.*

*Richard O. Johnson (Alphonse S. Bachorowski* with him)
for the plaintiff.

*John Z. Doherty* for the insurer, The Travelers Insur-
ance Company.

No argument or brief for the defendants.

SPALDING, J.    The questions for decision arise out of two
third party actions brought under G. L. c. 152, § 15.

Based on facts agreed to by the parties, the judge made
the following findings: On November 10, 1960, while the
plaintiff was riding as a passenger in a motor vehicle owned

[1] The companion case is by the same plaintiff against Cushman Bakery.

and operated by another, the vehicle collided with a trailer truck. The trailer truck was operated by the defendant Joseph R. Arsenault and owned by the defendant Cushman Bakery (Cushman).

The plaintiff sustained injuries to his back, neck and head which incapacitated him for work for many months. At the time of the accident the plaintiff, who was employed as a carpenter for one Dudman, a building contractor, was being transported from one job to another. The plaintiff's injuries arose out of and in the course of his employment. As insurer of Dudman, The Travelers Insurance Company (Travelers) paid compensation under G. L. c. 152 to the plaintiff in the amount of $8,223.49 up to the date of the settlement hereinafter discussed.

No action having been brought against the third party defendants by Travelers within nine months after the injury, the plaintiff brought the present actions of tort against Arsenault and Cushman. See G. L. c. 152, § 15.

Shortly after the trial had begun, the parties, who had agreed upon a settlement, presented a petition to the court for its approval. The petition set forth the amount of the settlement ($18,250), the apportionment of counsel fees and expenses between the plaintiff and Travelers in connection with the actions, and the amount to be paid to Travelers by way of reimbursement under § 15. The terms of the settlement, including the apportionment of counsel fees and expenses and the amount of Traveler's reimbursement, were approved by the judge. He found that the amount by which the settlement sum exceeded the compensation paid up to the date of the settlement (hereinafter called the excess) was $6,588.23.

The plaintiff is presently, and has been since September, 1962, employed as a carpenter "at full earning capacity." Since that time he has received no compensation. His case, however, "remain[s] open and it is uncertain whether or not the payment of further compensation . . . shall be required in the future."

The judge, at the request of the parties, reported the cases to this court without decision (see G. L. c. 231, § 111)

for a determination of the following questions: (1) whether the amount of the excess shall be determined as of the settlement date; (2) whether the employee receives the excess as an absolute owner; and (3) whether, in a case where compensation has ceased but may be resumed, the excess should be placed in trust for the benefit of the insurer or the excess should be offset against the insurer's obligation to make future payments. Pursuant to an agreement of the parties, the judge ordered the excess to be paid to and held in escrow by the plaintiff's attorney pending a determination by this court of the questions reported.

We are of opinion that the amount of excess can properly be determined as of the date on which a third party action is settled.[1] The plaintiff was authorized to bring these actions under § 15, which reads in relevant part, ". . . if, in any case where the employee has claimed or received compensation within six months of the injury, the insurer does not proceed to enforce such liability within a period of nine months after said injury, the employee may so proceed." From the fact that the plaintiff could bring these actions, it follows that he could also enter into a settlement agreement without pursuing the litigation to its conclusion. To hold otherwise would read into § 15 a policy which would encourage litigation despite the fact that the interested parties desired to terminate it.

That this was not the legislative intent is made clear by another provision of § 15. "In the case of a settlement by agreement by the parties to, and during a trial of, such an action at law the justice presiding at the trial shall have and exercise, relative to the approval of such settlement by agreement and to the protection of the rights and interests of the employee, all the powers hereinbefore granted to the industrial accident board." These powers include the ascertainment of the amount of reimbursement to which the insurer is entitled. But the court in making such a deter-

---

[1] Section 15 defines "excess" as ". . . the amount by which the total sum received in payment for the injury, exclusive of interest and costs, exceeds the compensation paid under this chapter."

mination necessarily establishes the excess to which the employee is entitled. It follows, therefore, that § 15 by providing that an employee can institute and settle an action against a third party authorizes the determination of the excess as of the settlement date.

The pattern of § 15, however, indicates that the award of the excess to the plaintiff should not be in addition to all future compensation payments. "It is a principle underlying the workmen's compensation law that there shall not be double recovery for injury — once by way of compensation and once by way of damages." *McDonald* v. *Employers' Liab. Assur. Co. Ltd.* 288 Mass. 170, 174. The "claimant should not be allowed to keep the entire amount both of his compensation award and of his common-law damage recovery. The obvious disposition of the matter is to give the employer so much of the negligence recovery as is necessary to reimburse him for his compensation outlay, and give the employee the excess. This is fair to everyone concerned: the employer, who, in a fault sense, is neutral, comes out even; the third person pays exactly the damages he would normally pay, which is correct, since to reduce his burden because of the relation between the employer and employee would be a simple windfall to him which he has done nothing to deserve; and the employee gets a fuller reimbursement for actual damages sustained than is possible under the compensation system alone." Larson, Workmen's Compensation Law, § 71.20. This principle is implicit in § 15. Initially an employee must make a binding election as to whether he will proceed against the third party or accept compensation. *Turnquist* v. *Hannon,* 219 Mass. 560. *Tocci's Case,* 269 Mass. 221. *Jordan* v. *Orcutt,* 279 Mass. 413. *Furlong* v. *Cronan,* 305 Mass. 464. *Reidy* v. *Old Colony Gas Co.* 315 Mass. 631. If he elects the compensation route, any damages awarded as a result of the third party action must first be applied to reimburse the insurer for the compensation paid. See *Employers Mut. Liab. Ins. Co.* v. *Ford Motor Co.* 335 Mass. 504, 507. Although the statute is silent on the effect the excess has on

the obligation of an insurer to make future payments, we think full effect will be given to the general policy against double recovery and the reimbursement provisions of § 15 by treating the excess as an offset against future compensation payments. Under this construction, the employee's enjoyment of the excess is not postponed indefinitely.

In conclusion we answer the questions reported by holding (1) the excess can be determined as of the settlement date, (2) the plaintiff is the absolute owner of the excess, and (3) the amount of the excess shall be offset against future compensation claims.

*So ordered.*