Rosario DiMartino & others[1] *vs.* Quality Industrial
Propane, Inc., & others.[2]

Middlesex. December 5, 1989. - April 5, 1990.

Present: Liacos, C.J., Abrams, Nolan, O'Connor, & Greaney, JJ.

*Workmen's Compensation Act*, Settlement agreement, Action against third person. *Statute*, Construction.

A workers' compensation insurer of the employer of an employee injured during the course of his employment was, under G. L. c. 152, § 15, an aggrieved party entitled to appeal from a Superior Court judge's decision approving a third-party settlement of an action in which the employee was a plaintiff but in which the insurer was neither a plaintiff nor a defendant. [174]

Where a workers' compensation insurer was not a party to an action by an injured employee against third persons under G. L. c. 152, § 15, to recover damages for his injuries, the insurer's agreement to the settlement of the action was not a necessary condition to a Superior Court judge's approving the settlement or conducting a hearing to that end. [174]

In an action under G. L. c. 152, § 15, by an injured employee against third persons to recover damages for his injuries, in which the judge held a hearing to decide whether to approve the settlement of the case, the workers' compensation insurer of the employee's employer was not entitled to the judge's review of the fairness of the settlement agreement beyond the judge's satisfying himself that the agreement provided (as it clearly did) that the insurer would be reimbursed in full for the payments it had made to the injured employee, thus discharging the lien provided by § 15. [175-177]

Civil actions commenced in the Superior Court Department on February 9, 1981.

[1] His wife, Maria DiMartino, and their four minor children.

[2] Kingston Oil & Gas, Inc., Exxon Corporation, Dome Petroleum, Limited, Aeroil Manufacturing Company, and J. F. White Contracting Company.

Proceedings for approval of a settlement agreement were heard by *James F. McHugh, III*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Francis M. Lynch* for Insurance Company of North America.

*Kerry Paul Choi* (*Thomas E. Cargill, Jr.*, with him) for the plaintiffs.

O'CONNOR, J. The plaintiff Rosario DiMartino (DiMartino) was seriously injured during the course of his employment. He brought this action to recover damages for his injuries based on allegations of negligence and breach of warranty against several third-party defendants. In the same action, DiMartino's wife and children sought damages for loss of consortium. The wife and children also brought a separate action for loss of consortium against DiMartino's employer. After the two cases, having been consolidated, were reached for trial in the Superior Court, the case in which DiMartino and his wife and children were plaintiffs was settled for $1,745,000. The other case was settled for $750,000.

Insurance Company of North America (INA) was the workers' compensation insurer of DiMartino's employer. INA was not a party to either tort action and did not consent to the terms of the settlements. INA had paid workers' compensation benefits to DiMartino totalling $292,000. The $1,745,000 settlement amount was divided as follows: $292,000 was paid to INA, thus satisfying INA's statutory lien; $626,200 was allocated to attorneys' fees and litigation costs; DiMartino received $173,236; DiMartino's wife received $488,204; and each of the four children received $41,340. From the $750,000 settlement of the loss of consortium case against DiMartino's employer, $457,000 was allocated to the wife's and children's claims and $293,000 to attorneys' fees. Thus, in settlement of the two cases, after satisfying INA's lien and paying fees and expenses, DiMartino received $173,236, and his wife and children received $1,110,564.

General Laws c. 152, § 15 (1988 ed.), provides in relevant part as follows: "Where the injury for which compensation is

payable was caused under circumstances creating a legal liability in some person other than the insured to pay damages in respect thereof, the employee shall be entitled, without election, to the compensation and other benefits provided under this chapter. Either the employee or insurer may proceed to enforce the liability of such person, but the insurer may not do so unless compensation has been paid in accordance with sections seven, eight, ten A, eleven C, twelve or nineteen nor until seven months following the date of such injury. The sum recovered shall be for the benefit of the insurer, unless such sum is greater than that paid by it to the employee, in which event the excess shall be retained by or paid to the employee. For the purposes of this section, 'excess' shall mean the amount by which the total sum received in payment for the injury . . . exceeds the compensation paid under this chapter. . . . Except in the case of a settlement by agreement by the parties to, and during a trial of, such an action at law, no settlement by agreement shall be made with such other person without the approval of either the board, the reviewing board, or the court in which the action has been commenced after an opportunity has been afforded both the insurer and the employee to be heard on the merits of the settlement and on the amount, if any, to which the insurer is entitled out of such settlement by way of reimbursement, which amount shall be determined at the time of such approval. In the case of a settlement by agreement by the parties to and during a trial of such an action at law, only the justice presiding at the trial shall have and exercise, relative to the approval of such settlement by agreement and to the protection of the rights and interests of the employee, the powers granted in the preceding sentence. . . ."

Pursuant to c. 152, § 15, the judge before whom the cases had been called for trial held a hearing to decide whether to approve the settlement of the case brought by DiMartino. It was appropriate that the hearing be conducted by the judge. See *Hartford Accident & Indem. Co.* v. *Atlantic Research Corp.*, 395 Mass. 1009, 1010 (1985). INA was represented at the hearing by counsel, although counsel protested that he

had received inadequate notice of the hearing and had not even had the opportunity to discuss the settlement with his client. Counsel predicted that INA would disapprove of the settlement because the allocation of the settlement proceeds afforded inadequate protection to INA against further workers' compensation claims that might be asserted by DiMartino if, as was likely, his medical bills and loss of wages following the settlement were to exceed the $173,236 allocated to him. Despite INA's counsel's protests, the judge conducted the hearing and approved the settlement. He reasoned in material part that, in recovering all it had paid to the employee, INA had been made whole, and therefore had no further legitimate interest in objecting to the settlement.

This is INA's appeal, taken by us on our own initiative, from the judge's decision approving the settlement of the action in which DiMartino was a plaintiff. INA was neither a plaintiff nor a defendant in that case. Therefore, the plaintiffs argue, INA is not an aggrieved party entitled to appeal. We reject that argument. General Laws c. 152, § 15, expressly grants the workers' compensation insurer, whose financial interests may be involved, an opportunity to be heard concerning approval of a third-party settlement. INA, therefore, has sufficient interest to be entitled to appellate review of the judge's decision. See *Lovejoy, petitioner*, 352 Mass. 660, 663 (1967).

On appeal, INA first argues that, without its participation in the settlement agreement, the judge was not authorized to approve the settlement or to conduct a hearing to that end. INA points out that G. L. c. 152, § 15, authorizes approval of a third-party settlement only "[i]n the case of a settlement by agreement by the parties," and that INA did not agree to the settlement. INA's argument assumes that it was one of the "parties" to which the statute refers. That assumption is incorrect. The parties to which § 15 refers are the parties to the third-party action. INA was not a party to that action. Therefore, its agreement to the settlement was not a necessary condition to the hearing or to approval.

INA next argues that, even if a hearing and the judge's approval of the settlement were not conditioned on INA's agreement to the settlement, the hearing in this case was procedurally defective because INA was not given sufficient notice to enable it to prepare for the hearing, and because INA was denied the right to elicit testimony from the plaintiffs' counsel that would have been relevant to the fairness of the settlement to INA. Substantively, INA argues that the judge should have evaluated the settlement "based on whether it was fair to the worker and the insurer, not just the worker," and that the settlement was not fair to the insurer, INA. As we see it, the principal question on appeal is whether INA was entitled to the judge's review of the fairness of the settlement agreement beyond the judge's satisfying himself that the agreement provided (as it clearly did) that INA would be reimbursed in full for the payments it had made to DiMartino, thus discharging the lien provided by c. 152, § 15. Our answer to that question is "no," for the reasons we discuss below. That answer either resolves the issues raised by INA or makes their resolution unnecessary.

General Laws c. 152, § 15, provides that, when an employee brings a third-party action, "[t]he sum recovered shall be for the benefit of the insurer, unless such sum is greater than that paid by it to the employee, in which event the excess shall be retained by or paid to the employee." Section 15 further provides that "both the insurer and the employee [must be afforded an opportunity] to be heard on the merits of the settlement and on the amount, if any, to which the insurer is entitled out of such settlement by way of reimbursement, which amount shall be determined at the time of such approval." INA states that the latter part of the aforementioned statutory provision is inapplicable to this case because it addresses only reimbursement of compensation payments already made, but the provision that the insurer is entitled to a hearing "on the merits of the settlement" goes further, and entitles the insurer to be heard on the question whether the settlement fairly protects the insurer's right to

offset the statutory "excess" recovered by the employee from third parties against future compensation claims.

In *Richard* v. *Arsenault*, 349 Mass. 521, 524-525 (1965), we said that "[a]lthough [c. 152, § 15] is silent on the effect the excess has on the obligation of an insurer to make future payments, we think full effect will be given to the general policy against double recovery and the reimbursement provisions of § 15 by treating the excess as an offset against future compensation payments." INA's contention is that the effect (and, by implication, the intended effect) of providing in the settlement agreement that DiMartino would receive less than twenty per cent of the total recovery in both cases was to insulate settlement proceeds actually attributable to DiMartino's tort claims from being offset by INA against its anticipated workers' compensation liability. Our negative answer to the question whether INA was entitled to the judge's consideration of whether the settlement took proper account of INA's interest in potential offset does not stem from insensitivity on our part to that interest and to the possibility that, in a given case, a third-party settlement may be structured so as to provide in practical effect substantial third-party recovery to the employee without the employee relinquishing duplicate workers' compensation benefits. Under *Richard* v. *Arsenault, supra*, such double recovery would be inappropriate. Rather, our negative answer is based on the statutory language.

Nothing in § 15 suggests that the purpose of requiring a judge's approval after a hearing "on the merits of the settlement" is other than to make sure that (1) the employee's interests referenced in the statute are protected from being disregarded or unfairly dissipated by a settlement entered into by the insurer, and (2) the insurer's interests referenced in the statute receive similar protection with respect to a settlement entered into by the employee. The weakness in INA's argument is that its interest in potential offset is not referenced expressly or impliedly in the statute. We would have to distort the statute to construe it as permitting a judge to disapprove a settlement of an employee's third-party

action on the ground that it did not adequately protect the insurer's inchoate rights of offset.

Our decision does not mean that, at an appropriate juncture, INA may not raise the question whether it is entitled to an offset in excess of the $173,236 settlement amount allocated to DiMartino. If and when that offset is exhausted and DiMartino asserts claims against INA for further workers' compensation, INA may then litigate the question whether further payment would constitute double payment to DiMartino because money allocated to his wife and children in the settlement of the third-party action (not the action against DiMartino's employer) was, in part, not payment for their loss of consortium but instead was payment to DiMartino, through nominees, for his separate injuries. See *Pinheiro* v. *Medical Malpractice Joint Underwriting Ass'n*, 406 Mass. 288, 292 (1989). We intend no suggestion as to how that matter ought to be resolved in this case in any future litigation.

We affirm the decision approving the settlement of the third-party action.

*So ordered.*