**Vincent GIOLITO, Plaintiff,**

v.

**DOW CORNING CORP.,**
**et al., Defendants.**

**Civ. A. No. 86–2985–S.**

United States District Court,
D. Massachusetts.

Jan. 14, 1992.

Roger A. Emanuelson, Lecomte, Emanuelson, Tick & Doyle, Boston, Mass., for plaintiff.

John B. Johnson, Corrigan & Johnson & Tutor, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER ON PLAINTIFF'S PETITION FOR APPROVAL OF SETTLEMENT

SKINNER, District Judge.

In this case plaintiff Vincent Giolito claimed damages against Dow Corning Corp. (and others) for injuries received in a 1983 fire, while he was employed by Gillette Company at Gillette's Andover plant. Plaintiff now petitions this court pursuant to M.G.L. c. 152 § 15 for approval of a post-trial settlement reached with Dow.

*Background*

After the fire, plaintiff collected $200,000 in workers' compensation benefits from Gillette, a self-insurer. Plaintiff also collected $85,000 from Commercial Union Insurance Company ("CU"), Gillette's excess insurer of workers' compensation benefits. Plaintiff then brought the present third-party tort action against Dow. The jury returned a verdict of $850,000. $441,558 were awarded as attorney fees and $48,290 as costs under the plaintiff's claim pursuant to M.G.L. c. 93A, making a total award of approximately $1.34 million. Interest to date increases the final judgment to approximately 1.8 million. After defendant filed an appeal, the parties agreed to settle for 1.3 million in compensation to plaintiff for his injuries, with no liability for interest, attorney's fees, or costs by defendant. Gillette and Commercial Union oppose approval of the settlement by this court on fairness grounds, arguing that the parties to the suit should not be allowed to stipulate among themselves that the settlement did not include interest or attorney's fees. Gillette and Commercial Union argue that the parties have intentionally structured the settlement so as to unfairly reduce the amount of recovery to which Gillette and Commercial Union might otherwise be enti-

tled as workers' compensation insurers pursuant to M.G.L. c. 152 § 15.

### Discussion

M.G.L. c. 152 § 15 of Massachusetts' workers' compensation law provides that

where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured to pay damages in respect thereof, the employee shall be entitled, without election, to the compensation and other benefits provided under this chapter. Either the employee or insurer may proceed to enforce the liability of such person.... The sum recovered shall be for the benefit of the insurer, unless such sum is greater than that paid by it to the employee, in which event the excess shall be retained by or paid to the employee. For the purposes of this section, 'excess' shall mean the amount by which the total sum received in payment for the injury, exclusive of interest and costs exceeds the compensation paid under this chapter. The party bringing the action shall be entitled to retain any costs recovered by him. Any interest received in such action shall be apportioned between the insurer and the employee in proportion to the amounts received by them respectively, exclusive of interest and costs. The expense of any attorney's fees shall be divided between the insurer and the employee in proportion to the amounts received by them respectively under this section.

The prime objective of M.G.L. c. 152 § 15 is the payment of compensation to an employee, and Massachusetts' courts have liberally construed the statute for the protection of the injured employee. See *DeSisto's Case*, 351 Mass. 348, 351, 220 N.E.2d 923 (1966); *DiMartino v. Quality Indus. Propane Inc.*, 407 Mass. 171, 175–77, 552 N.E.2d 91 (1990). "There is no 'unfairness to an insurer in a system that reimburses the insurer for benefits paid ... but requires it to pay the legal freight for the

benefits it realizes.'" *Daly's Case*, 405 Mass. 33, 37, 537 N.E.2d 1224, 1226 (1989) (quoting *Hunter v. Midwest Coast Transp., Inc.*, 400 Mass. 779, 783, 511 N.E.2d 615 (1987)).

I am not satisfied that the proposed settlement is fair. Where a potential award of $1.8 million is settled for $1.3 million, without allocation, on the theory that the award may not be sustained on appeal and that a second trial poses risks for both parties, one must assume that all of the elements of the award have been discounted across the board (except out of pocket costs and expenses, which remain fixed, since they must be paid out of the award). In the proposed settlement all the elements of the $1.8 million (other than the costs, etc.) have been sharply discounted except the attorney's fee. The attorneys would collect virtually the same fee as they would have received if the full judgment had been paid, based on a percentage of the award to the plaintiff and projected interest thereon. The plaintiff's recovery is sharply discounted by the settlement, however, so the original fee is no longer justified.

The proper course is to first calculate how each party would fare if the judgment were to be paid. Gillette and CU would each be entitled to take the amount of their liens, $200,000 and $85,653 respectively, out of the damage award of $850,000, leaving $564,347 for the plaintiff. Gillette, CU, and the plaintiff would participate in the interest of approximately $460,000 and share the costs and attorney's fees in the same proportion as their shares in the award. The percentage participation (and burden) is 24% for Gillette, 10% for CU and 66% for the plaintiff (rounding off decimal points). There was in fact cost and expense in the amount of $121,810, of which only $48,290 was awarded, leaving $73,520 to be paid for by the parties. Attorney's fees were recovered in full as part of the judgment so there is no deduction for them. The result for the parties if the judgment were to be collected is as follows:

Gillette:     $200,000 + $110,400 int. — $17,645 costs        = $     292,755
CU:           $85,653 + $46,000 int. — $7,352 costs            = $     124,301
Plaintiff:    $564,347 + $303,600 int. — $48,523 costs         = $     819,424
Attorney's fees:                                               = $     441,558
Costs and expenses:                                      +           $     121,810
                                                               = $   1,799,848
Discrepancy from rounding off:                           +           $         152
Total:                                                         = $   1,800,000

The next step is to assign to each party a proportionate amount of the settlement amount. Of the settlement amount, $121,810 of costs and expenses must be paid off the top, leaving $1,178,190. Of the $1,800,000 judgment, $48,290 represents costs which are accounted for, leaving $1,751,710. If all participants receive the amounts they would have received under the judgment multiplied by a fraction of which the numerator is $1,178,190 and the denominator is $1,751,710, or roughly 67.26%, the resulting payout would be as follows:

Gillette:              $310,400 * .6726        = $     208,775
CU:                    $131,653 * .6726        = $       88,550
Plaintiff:             $867,947 * .6726        = $     583,781
Attorney's fees:       $441,558 * .6726        = $     296,991
Costs and expenses:                      +           $     121,810
                                               = $   1,299,907
Discrepancy due to rounding off:         +           $         93
Total:                                         = $   1,300,000

I would approve a settlement substantially in accordance with above, or in the alternative, one to which all parties agree and which provides the plaintiff a recovery comparable to the amount stated.