**Vincent GIOLITO, Plaintiff,**

v.

**DOW CORNING CORP.,
et al., Defendants.**

**Civ. A. No. 86–2985–S.**

United States District Court,
D. Massachusetts.

April 14, 1992.

John E. Lecomte, Roger A. Emanuelson, William P. Smith, Lecomte, Emanuelson, Tick & Doyle, Boston, Mass., for plaintiff Vincent Giolito.

John B. Johnson, Corrigan & Johnson & Tutor, Boston, Mass., for defendant Dow Corning Corp.

Joseph F. Ryan, Stephen A. Roach, Lyne, Woodworth & Evarts, Boston, Mass., for Gillette Co. and Union Ins. Co.

## MEMORANDUM AND ORDER ON PLAINTIFF'S SECOND PETITION FOR APPROVAL OF SETTLEMENT

SKINNER, District Judge.

This case arises out of plaintiff Vincent Giolito's claims of third-party tort liability against defendant Dow Corning Corp. and others for injuries received in a 1983 fire, while he was employed by Gillette Company at Gillette's Andover plant. Plaintiff now petitions for reconsideration of my decision to deny approval of plaintiff's proposed settlement unless the settlement distribution is modified in accordance with the changes set forth in my memorandum and order of January 14, 1992. 780 F.Supp. 876.

### Background

After the fire plaintiff collected $200,000 in workers' compensation benefits from Gillette, a self-insurer. Plaintiff additionally collected $85,000 from Commercial Union Insurance Company ("CU"), Gillette's excess workers' compensation insurer. Plaintiff then brought the present third-party tort action against Dow. The jury returned a verdict of $850,000; $441,558 were awarded as attorney's fees and $48,-290 as costs under the plaintiff's claim pursuant to M.G.L. c. 93A, making a total award of approximately $1.34 million. Interest to date increases the final judgment to approximately $1.8 million. After defendant filed an appeal, the parties agreed to settle for $1.3 million in compensation to plaintiff for his injuries, without interest, attorney's fees or costs.

Gillette and Commercial Union opposed approval of the settlement by this court on fairness grounds, arguing that the parties to the suit should not be allowed to stipulate among themselves that the settlement did not include interest or attorney's fees. Gillette and Commercial Union argued that the parties have intentionally structured the settlement so as to unfairly reduce the amount of recovery to which Gillette and Commercial Union might otherwise be entitled as workers' compensation insurers pursuant to M.G.L. c. 152 § 15. In my January 14 memorandum and order, I rejected plaintiff's proposed settlement as unfair to plaintiff's workers' compensation insurers and suggested changes in the distribution of the settlement pursuant to the authority vested in me under M.G.L. c. 152 § 15. *See Richard v. Arsenault*, 349 Mass. 521, 209 N.E.2d 334 (1965) (presiding judge has power to determine the amount of reimbursement to which an insurer is entitled where there is a proposed settlement of a third-party action brought by employee who has received workers' compensation payments); *DiMartino v. Quality Industrial Propane, Inc.*, 407 Mass. 171, 552 N.E.2d 91, 93–94 (1990).

### Discussion

On this second petition by plaintiff for approval of the same settlement first proposed to this court in plaintiff's petition of December 9, 1991, plaintiff and his attorneys raise two objections to my proposed changes. Plaintiff first contends that Gillette and CU are not entitled under M.G.L. c. 152 § 15 to share in the plaintiff's award of attorney's fees pursuant to M.G.L. c. 93A, because such an award is not compensatory in nature. As a result, plaintiff argues that I erred as a matter of law when I treated the c. 93A award as part of the "sum recovered" by plaintiff pursuant to M.G.L. c. 152 § 15, to which the insurers' statutory liens attach. Second, plaintiff objects that the modifications I proposed in my January 14 memorandum and order understate the attorney's fees to which his lawyers would have been entitled under their contingency fee agreement, if the plaintiff's jury verdict and c. 93A award were to be paid in full. Plaintiff and his attorneys argue that their contingency agreement calls for plaintiff's attorneys to collect $600,000 (one third of the approximately $1.8 million total of plaintiff's recovery) in such event, as opposed to the $441,558 award amount I used to calculate

a proper settlement distribution pursuant to M.G.L. c. 152 § 15.

██ Plaintiff's first objection is groundless. M.G.L. c. 152 § 15 provides that

Where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured to pay damages in respect thereof, the employee shall be entitled, without election, to the compensation and other benefits provided under this chapter. Either the employee or insurer may proceed to enforce the liability of such person.... The sum recovered shall be for the benefit of the insurer, unless such sum is greater than that paid by it to the employee, in which event the excess shall be retained by or paid to the employee. For the purposes of this section, 'excess' shall mean the amount by which the total sum received in payment for the injury, exclusive of interest and costs exceeds the compensation paid under this chapter. The party bringing the action shall be entitled to retain any costs recovered by him. Any interest received in such action shall be apportioned between the insurer and the employee in proportion to the amounts received by them respectively, exclusive of interest and costs. The expense of any attorney's fees shall be divided between the insurer and the employee in proportion to the amounts received by them respectively under this section.

As I read section 15, the plain meaning of the statutory provision allows either the employee or the insurer to sue a third party for any "legal liability" arising out of the circumstances under which the employee was injured and eligible for workers' compensation benefits. *See Eisner v. Hertz Corp.*, 381 Mass. 127, 407 N.E.2d 1286, 1289–90 (1980) (Holding that the phrase, "the sum recovered shall be for the benefit of the insurer," applies to any employee action pursuant to § 15). Section 15 "does not require that the third party action seek compensatory damages for the

injury." *Id.*, 407 N.E.2d at 1290 n. 7. As plaintiff's c. 93A cause of action is an attempt to enforce a damage liability arising from an "injury for which compensation is payable," the insurers' statutory liens also attach to the award of attorney's fees pursuant to M.G.L. c. 152 § 15.

██ Plaintiff's second objection has more merit. In my January 14 order I did not take proper account of the terms of plaintiff's contingent fee agreement when I calculated how each party would fare if the judgment were to be paid. Paragraph 4(c) of the contingency agreement states that, "In the event that attorney's fees are awarded, compensation is 33⅓ percent of the sum of the award and the gross amount collected, if that amount exceeds the award; otherwise compensation shall be the attorney's fees awarded."

██ The controlling precedent is found in *Gagnon v. Shoblom*, 409 Mass. 63, 565 N.E.2d 775 (1991), which holds that a court has no authority to reduce the attorneys' fees in a case in which the insurers' claims to reimbursement have been satisfied, as would have been the case here if the entire judgment had been collected. The plaintiff's proposed settlement trenches on the insurers' rights, however, and it is a fair reading of *Gagnon* that in such a case the court may adjust the attorneys' fees downward to carry out the policy of M.G.L. c. 152, § 15. *Id.*, 565 N.E.2d at 777.

The proper course is to first calculate how each party would fare if the judgment were to be paid in full. As the plaintiff was obligated to pay ⅓ of the total attorney's fees awarded and the gross amount collected, the proper starting figure for attorney's fees is $583,903 [1]. If the judgment were paid in full, the plaintiff and the insurers would have been obligated to pay the $142,345 difference between the $583,903 in contingency fees and the $441,558 awarded as attorney's fees under c. 93A, in accordance with their proportionate shares of the entire recovery. As discussed in my

---

1. This figure represents ⅓ of the approximate $1,751,710 sum total of the jury verdict, the c. 93A award of attorneys fees, and interest, excluding the $48,290 awarded as costs pursuant to c. 93A.

January 14 memorandum and order, the percentage participation and burden is 24% for Gillette, 10% for CU, and 66% for the plaintiff (rounding off decimal points). The amended result for the parties if the judgment were to be collected is as follows:

| | | |
|---|---|---|
| Gillette: | $200,000 + $110,400 int. − $17,645 costs − $34,163 fees | = $ 258,592 |
| CU: | $ 85,653 + $ 46,000 int. − $ 7,352 costs − $14,235 fees | = $ 110,066 |
| Plaintiff: | $564,347 + $303,600 int. − $48,523 costs − $93,948 fees | = $ 725,476 |
| Atty's fees: | $441,558 awarded fees + $142,345 | = $ 583,903 |
| Costs and expenses: | | + $ 121,810 |
| | | = $1,799,847 |
| Discrepancy from rounding off: | | + $ 153 |
| Total: | | = $1,800,000 |

---

The next step is to assign to each party a proportionate amount of the settlement amount. Of the settlement amount, $121,810 of costs and expenses must be paid off the top, leaving $1,178,190. Of the $1,800,000 judgment, $48,290 represents costs which are accounted for, leaving $1,751,710. If all participants receive the amounts they would have received under the judgment multiplied by a fraction of which the numerator is $1,178,190 and the denominator is $1,751,710, or roughly 67.26%, the resulting payout would be as follows:

| | | |
|---|---|---|
| Gillette: | $276,237 * .6726 | = $ 185,797 |
| CU: | $117,418 * .6726 | = $ 78,975 |
| Plaintiff: | $773,999 * .6726 | = $ 520,592 |
| Attorney's fees: | $583,903 * .6726 | = $ 392,733 |
| Costs and expenses: | | + $ 121,810 |
| | | = $1,299,907 |
| Discrepancy due to rounding off: | | + $ 93 |
| Total: | | = $1,300,000 |

---

There is one further element in the calculation. The insurers, Gillette and CU, have only requested respectively $174,776 and $74,491. I see no reason to pay them any more than they asked for. The resulting bonus of $15,505 should be paid to the attorneys and the plaintiff in the usual 2 to 1 proportion: $10,337 to the plaintiff and $5,168 to the attorneys.

I would approve a settlement substantially in accordance with the above adjusted amounts, or in the alternative, one to which all parties agree and which provides the plaintiff a recovery comparable to the amount stated.

All of the above suggested awards are subject to credit for the amounts already paid under my interim order of February 26, 1992.