STEVEN RHODE vs. BEACON SALES COMPANY & another.[1]

Middlesex. May 6, 1993. - July 23, 1993.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Practice, Civil*, Report. *Workers' Compensation Act*, Settlement agreement, Action against third person. *Statute*, Construction.

On settlement of an action by an injured employee against third persons to recover damages for his injuries, his employer's workers' compensation insurer was entitled to satisfy the full amount of its lien out of the settlement proceeds, and a judge, in approving the settlement agreement pursuant to G. L. c. 152, § 15, had no discretionary power to determine a fair allocation of the proceeds between the employee and the insurer. [17-19]

CIVIL ACTION commenced in the Superior Court Department on March 26, 1986.

Proceedings for approval of a settlement agreement were heard by *James F. McHugh*, J., and the matter was reported by him to the Appeals Court. The Supreme Judicial Court granted a request for direct review.

*Michael E. Mone* for the plaintiff.

*William F. Ahern, Jr. (Diane Swierczynski* with him) for Travelers Indemnity Company.

*Elaine Epstein, Elizabeth N. Mulvey, Jerry E. Benezra & Neil Sugarman*, for Massachusetts Bar Association & another, amici curiae, submitted a brief.

*Karen C. Capeless*, for Associated Industries of Massachusetts, amicus curiae, submitted a brief.

---

[1]Smith Hoist Manufacturing Co., Inc. The underlying personal injury action was brought against Beacon Sales and Smith Hoist. Neither of those parties is involved in this appeal. The appellee for purposes of this appeal is Travelers Indemnity Company, a workers' compensation lienor.

*Michael J. McCormack, Marc LaCasse & Marjorie O. Dresser*, for American Insurance Association & others, amici curiae, submitted a brief.

LYNCH, J. The issue presented by this appeal is whether a Superior Court judge has discretion, when approving a settlement of a third-party tort action pursuant to G. L. c. 152, § 15, as appearing in St. 1991, c. 398, § 39, to order an equitable reduction of the sum to be recovered by the insurer. The judge ordered that the plaintiff reimburse the insurer the full amount of its workers' compensation lien and purported[2] to report the question set out below[3] to the Appeals Court. We granted the plaintiff's application for direct appellate review.

We summarize the relevant facts. In July, 1985, the plaintiff was severely injured when a hoist manufactured by Smith Hoist Manufacturing Company, Inc. (Smith), and sold by Beacon Sales Company (Beacon) allegedly malfunctioned. The Travelers Indemnity Company (Travelers), the workers' compensation insurer, paid the plaintiff $231,883.35 in benefits. The plaintiff commenced a tort action against

---

[2] " 'Although a judge may report specific questions of law in connection with an interlocutory finding or order, the basic issue to be reported is the correctness of his finding or order. . . . Reported questions need not be answered in this circumstance except to the extent that it is necessary to do so in resolving the basic issue.' *Commonwealth* v. *Connor*, 381 Mass. 500, 501 n.1 (1980), quoting *McStowe* v. *Bornstein*, 377 Mass. 804, 805 n.2 (1979)." *Commonwealth* v. *Wilkinson*, 415 Mass. 402, 403 (1993).

None of the situations in which a judge may report a matter under Mass. R. Civ. P. 64, 365 Mass. 831 (1974), seems to apply here. In addition, even if a report were permissible in these circumstances, rule 64 only permits a judge to report "the case" or "an interlocutory finding or order" (depending on the situation), and does not contemplate the report of a "question" as the judge attempted in this case.

[3] "Whether a Justice of the Superior Court has the power under G. L. c. 152, § 15, as amended by St. 1991, c. 398, § 39, approved December 23, 1991 and effective upon passage, to allocate proceeds of a third party settlement between the plaintiff/employee and the workers compensation carrier under circumstances like those detailed in my Memorandum & Order of April 14, 1992 . . . ."

Smith and Beacon; settlements were reached totalling $348,333.33.[4]

In accordance with G. L. c. 152, § 15, the plaintiff filed a petition in the Superior Court seeking a judge's approval of the settlement. At the hearing, Travelers demanded that the plaintiff satisfy the full amount of its lien out of the settlement proceeds. The plaintiff, on the other hand, argued that, since he was recovering only a fraction of the value of his injuries, Travelers should only recover an amount proportional to the amount that the settlement bore to the actual value of the injuries.[5] He claimed that the judge, under G. L. c. 152, § 15, had the authority to order such a reduction. The judge rejected the plaintiff's argument, denied the petition for approval of the settlement, and scheduled the matter for a status conference.

Several weeks later, the plaintiff filed an amended petition for approval of the settlement in which he agreed to pay Travelers the full amount it was seeking as long as his right to appeal was preserved. The judge approved the settlement and ordered that Travelers be reimbursed its full lien less its statutory share of legal fees and expenses.

In his order denying the plaintiff's first petition for approval of settlement, the judge concluded: "[T]he 1991 amendment was designed to empower the court to review allocation of the settlement proceeds *between the insured and members of the insured's family* and not to give the court broad power to make equitable allocations between the insurer and the insured" (emphasis in original). We agree.

---

[4]In March, 1991, a settlement was reached with Smith in the amount of $98,333.33. A settlement was reached in principle with Beacon for an additional $250,000.

[5]The plaintiff argued that, if liability were clear, the severity of his injuries would give the case a value of $1,000,000. However, given significant questions with respect to proving the liability of Smith and Beacon, he stated that he had settled for $348,333.33 rather than risk "a defendant's verdict" at trial. Travelers agreed that, absent liability problems, the case would have a value of $1,000,000 and that $348,333.33 was a fair and reasonable settlement.

General Laws c. 152, § 15, provides: "The sum recovered shall be for the benefit of the insurer, unless such sum is greater than that paid by it to the employee, in which event the excess shall be retained by or paid to the employee." This provision, or a version similar thereto, has been part of the statute since its enactment in 1911, and has remained in effect through several subsequent revisions of the workers' compensation law. St. 1911, c. 751, part 3, § 15. L.Y. Nason & R.A. Wall, Workers' Compensation 229-230 (1990). Under this provision, this court has consistently recognized an insurer's right to full reimbursement of benefits. *DiMartino* v. *Quality Indus. Propane, Inc.*, 407 Mass. 171, 175-176 (1990). *Daly's Case*, 405 Mass. 33, 36-37 (1989). *Hunter* v. *Midwest Coast Transp,. Inc.*, 400 Mass. 779, 783 (1987). *Richard* v. *Arsenault*, 349 Mass. 521, 524 (1965). The 1991 amendment to § 15, which the judge ruled was in response to our decision in *DiMartino* v. *Quality Indus. Propane, Inc.*, *supra*, did not in any way alter this language.

That amendment added to the statute the following language:

"At [the] hearing [on approval of a settlement] the court shall inquire and make a finding as to the taking of evidence on the merits of the settlement, *on the fair allocation of amounts payable to the employee and the employee's spouse, children, parents and any other member of the employee's family or next of kin who may have claims* arising from the injury for which are payable, under this chapter in which the action has been commenced after an opportunity has been afforded both the insurer and the employee to be heard on the merits of the settlement and on the amount, if any, to which the insurer is entitled out of such settlement by way of reimbursement, and on the amount of excess that shall be subject to offset against any future payment of benefits under this chapter by the insurer, which amount shall be determined at the time of such approval. In determining the amount of 'excess' that

shall be subject to offset against any future compensation payment the board, the reviewing board, or the court in which the action has been commenced shall consider the *fair allocation of amounts payable to and amongst family members who may have claims arising from the injury* for which said compensation is payable." (Emphasis added.)

G. L. c. 152, § 15, as appearing in St. 1991, c. 398, § 39. The new § 15 also recites:

"In the case of a settlement by agreement by the parties to and during a trial of such an action at law, only the justice presiding at the trial shall have and exercise, relative to the approval of such settlement by agreement and to the protection of the rights and interests of the employee, *his family members, and the insurer*, the powers granted in the preceding sentence" (emphasis added).

Thus, in the context of the statute as amended, the words "fair allocation of amounts payable," relate to amounts payable to the employee and his family members, and not to amounts payable to the insurer. Nowhere does the language, as the plaintiff contends, grant a judge discretion to make allocations between the insurer and the insured. Moreover, the language in § 15 that requires the court to determine "the amount, if any, to which the insurer is entitled" has never been construed in the manner the plaintiff suggests even though it was added to the statute in 1939. St. 1939, c. 401. See, e.g., *DiMartino* v. *Quality Indus. Propane, Inc.*, *supra*; *Daly's Case*, *supra*; *Hunter* v. *Midwest Coast Transp., Inc.*, *supra*; *Richard* v. *Arsenault*, *supra*.

The statute still requires: "The sum recovered shall be for the benefit of the insurer," and "the excess shall be retained by . . . the employee." Construing the new § 15 as an harmonious whole, see *Pereira* v. *New England LNG Co.*, 364 Mass. 109, 115 (1973), we conclude that a judge has no discretionary power to review and to determine the fair alloca-

tion of proceeds between an insurer and the insured. Until an "excess" recovery exists, the entire recovery is for the insurer.

*Report discharged.*