Tucker, Richard T., J.
This Court has, in two previous rulings, set forth the facts and unique procedural manner in which this matter has progressed. By order of November 2, 2009, Justice James R. Lemire ordered that the lien of Great American Insurance Company (Great American) had not been eliminated by operation of G.L.c. 231, §60G, and ruled that the arbitration high/low agreement resulting in a $300,000 arbitration payment is a settlement for purposes of G.L.c. 152, §15. Judge Lemire ordered that a hearing “be scheduled to determine a fair allocation of settlement proceeds.”
After hearing and by Order of January 22, 2010 this Court ruled that the proposals for allocating settlement proceeds submitted by both the plaintiff and Great American were unacceptable and the parties were ordered to resubmit their proposals which “should more fairly and reasonably reflect the percentages of the settlement allocable to loss of net income, to which the lien may attach, and loss of consortium, to which it may not” [26 Mass. L. Rptr. 409). Thereafter the parties submitted additional allocation proposals.
This Court indicated in said order that “while a judge may only approve or disapprove of a settlement allocation, it is not allowed to impose his or her formula for the same.” Thus the Court either approves one of the proposed allocations or again declares both to be unacceptable.
Upon this background the Court approves the proposed allocation of the arbitration settlement amount of $300,000 submitted by the plaintiffs. In doing so, the Court rules that settlement proceeds representing payment for conscious pain and suffering of the deceased, the consortium damages paid to anon-dependent, Shaun Pietila, as well as consortium-like damages allocated to Deborah Pietila and awarded pursuant to G.L.c. 229, §2, are not subject to the lien of Great American. The lien of Great American attaches to settlement proceeds representing benefits that are duplicated by the workers’ compensation benefits paid to or on behalf of the deceased. These benefits were the amounts received under G.L.c. 229, §2 representing the loss of net expected income experienced by the next of kin of the deceased, Bruce A. Pietila. Thus as approved, the allocation of the $300,000 settlement payment is as follows: $100,000.00 representing net expected loss of income; $100,000.00 representing the conscious pain and suffering of the deceased Bruce A. Pietila and which is a claim of the Estate of Bruce A. Pietila; and loss of consortium damages of Shaun Pietila of $40,000.00 and Deborah Pietila of $60,000.00. From the respective shares, the parties will pay their proportionate share of the $110,000.00 legal fee and $21,048.49 in out of pocket expenses of counsel. This Court also rules that the “excess,” as defined as the “amount by which the total sum received in payment for the injury, exclusive of interest and costs, exceeds the compensation paid under [chapter 152],” G.L.c. 152, §15, is determined as of the date of the approval of the settlement. Richard v. Arsenault, 349 Mass. 521, 524 (1965).