Agnes, J.
(concurring in the result). I agree with the majority’s decision to rely on Curry v. Great Am. Ins. Co., 80 Mass. App. Ct. 592 (2011) (Curry), and to hold that the workers’ compensation insurer’s lien under G. L. c. 152, § 15, does not reach the damages for pain and suffering recovered by the injured worker in a third-party action. However, my concurrence is based solely on the doctrine of stare decisis. In my view, a panel of this court should follow a recently published decision of the court on a question of statutory interpretation in the absence of any intervening action by the Legislature or a decision by the Supreme Judicial Court that overrules or calls into question the prior *595 Appeals Court opinion. I write separately because, based on earlier decisions by the Supreme Judicial Court, I have reservations whether Curry was decided correctly. Because this case involves an issue of considerable importance to the administration of justice, an outline of the reasons why a different outcome in this case should be reached may assist the Supreme Judicial Court or the Legislature.
Discussion. The appropriate starting point is the statute, bearing in mind that when the words are plain and unambiguous, our sole function is to enforce the law as written. See Commonwealth v. Boe, 456 Mass. 337, 347 (2010).
General Laws, c. 152, § 15, as appearing in St. 1991, c. 398, § 39, provides in pertinent part as follows:
“Where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured to pay damages in respect thereof, the employee shall be entitled, without election, to the compensation and other benefits provided under this chapter. Either the employee or insurer may proceed to enforce the liability of such person, but the insurer may not do so unless compensation has been paid in accordance with sections seven, eight, ten A, eleven C, twelve or nineteen nor until seven months following the date of such injury. The sum recovered shall be for the benefit of the insurer, unless such sum is greater than that paid by it to the employee, in which event the excess shall be retained by or paid to the employee. For the purposes of this section, ‘excess’ shall mean the amount by which the gross sum received in payment for the injury exceeds the compensation paid under this chapter.” (Emphasis added.)
The language “[t]he sum recovered shall be for the benefit of the insurer,” is not otherwise qualified or limited in § 15 or elsewhere in G. L. c. 152. This language has been part of our workers’ compensation law since it was enacted in 1911. Rhode v. Beacon Sales Co., 416 Mass. 14, 17 (1993) (Rhode). The phrase “the sum recovered” does not differentiate between the types of damages that may be recovered by or on behalf of an employee in a third-party action. In Rhode, the court observed that the language was designed to establish “an insurer’s right to full reimbursement of benefits.” Ibid.
*596 It is also instructive to examine the cases prior to Curry which have interpreted § 15, but which are not considered and distinguished in Curry. In Rhode, an employee obtained a recovery from the tortfeasor in excess of the workers’ compensation benefits he had received. He argued that because “he was recovering only a fraction of the value of his injuries,” id. at 16, from the tortfeasor, the workers’ compensation insurer was not entitled to the full amount of the lien. He claimed that the Superior Court judge could make an equitable allocation between the employee and the insurer in approving a settlement under § 15 based on the most recent amendment to the statute.[1] Id. at 15-16. The court rejected this argument and held that “a judge has no discretionary power to review and to determine the fair allocation of proceeds between an insurer and the insured.” Id. at 18-19. Instead, the Supreme Judicial Court explained that the only allocation that § 15 allows is between the employee and his family members. Except for that allocation, “[ujntil an ‘excess’ recovery exists, the entire recovery is for the insurer” (emphasis added). Id. at 19. The court observed that “this court has consistently recognized an insurer’s right to full reimbursement of benefits,” and that the 1991 amendment “did not in any way alter this language.” Id. at 17. See Dufresne’s Case, 51 Mass. App. Ct. 81, 85-86 (2001) (noting that “the purposes of the offset are first to preclude double recovery by the employee . . . and, second, to maintain the policy of reimbursement for the compensation insurer”).[2] Contrast G. L. c. 152, § 46A (as to liens held by health insurers and medical *597 providers, the Department of Industrial Accidents may compromise their claims to the proceeds of a third-party action and assign priority to the recovery by the injured employee).
The interpretation of § 15 set forth in Rhode was followed in Lane v. Plymouth Restaurant Group, 440 Mass. 469 (2003) (Lane), where the Supreme Judicial Court stressed that reimbursement of the insurer was a primary goal of § 15 and held that at the hearing to approve a settlement of a third-party tort action in which a workers’ compensation insurer has a lien, a judge must allow the workers’ compensation insurer to present evidence regarding the fair allocation of settlement proceeds among the insurance beneficiaries. See id. at 472-473.[3]
Consideration of Bongiorno v. Liberty Mut. Ins. Co., 417 Mass. 396 (1994) (Bongiorno), raises additional concern about the reasoning in Curry. In Bongiorno, the issue was whether a workers’ compensation insurer was entitled to a lien on a settlement obtained in a legal malpractice action, where the employee had sued his lawyers for malpractice after they had failed timely to serve a complaint against a third-party tortfeasor who was allegedly responsible for the employee’s workplace injury. Id. at 397-399. The employee maintained that the § 15 lien did not apply to the settlement proceeds resulting from the malpractice lawsuit because otherwise the injured employee would not be made whole. Id. at 402. The Supreme Judicial Court rejected this argument and concluded that the purpose of § 15 is not to ensure that plaintiffs *598 are fully compensated, but rather to provide workers’ compensation insurers with the first priority in the allocation of third-party recoveries:
“In enacting G. L. c. 152, the Legislature chose to favor certainty and relative administrative convenience over the opportunity for an injured party to obtain full redress in court. It may indeed be the case, as the plaintiffs argue, that they have not been fully compensated even by the total of the benefits received under G. L. c. 152 and the settlement with the [lawyers]. Nevertheless, we think that the intent and purpose of G. L. c. 152 are better served by treating the malpractice recovery as a third-party recovery subject to Liberty Mutual’s lien under § 15. The malpractice recovery serves to compensate indirectly for the same injuries that the workers’ compensation benefits paid by Liberty Mutual compensated directly. To enforce the legislative intent of reimbursing workers’ compensation insurers before awarding full tort damages to an injured worker, the malpractice recovery should be subject to Liberty Mutual’s claim.”
Id. at 402.[4]
The reasoning in Curry is also problematic in light of the Legislature’s use of the word “injury” in that portion of the statute quoted above in the text. The word “injury” in § 15 and throughout G. L. c. 152 as a whole appears to refer to the personal injury sustained by the employee as a result of the work-related accident. Section 15 begins with the phrase “the injury for which compensation is payable,” using the term “injury,” I believe, to refer to the personal injury, and the term “compensation” to refer to the wage benefits and medical expenses payable under G. L. c. 152. Section 18, which pertains to independent contractors and *599 subcontractors, further explains that workers’ compensation benefits and medical expenses are not the “injury” but rather are paid “on account of any injury to the employee.” G. L. c. 152, § 18. Additional sections of G. L. c. 152 use the term “injury” in a manner that suggests it refers to the personal injury suffered by the employee and not the category of damages awarded on account of an injury resulting from the tortious conduct of a third party.[5]
Legislative recognition of an insurer’s right to be made whole for amounts it has paid to an injured employee in workers’ compensation benefits before the employee retains any portion of an award of damages or settlement in a third-party action is grounded in equitable considerations. By electing to receive workers’ compensation benefits, an injured employee is relieved of the need to bring a lawsuit, to prove negligence, and to risk suffering the consequences of comparative negligence and a reduction or loss of the right to recover any damages which may result if a tort action was brought instead of a claim for benefits under G. L. c. 152. See Richard v. Arsenault, 349 Mass. 521, 524 (1965).[6] Although there is an equitable argument to be made on behalf of the employee, namely, that pain and suffering damages *600 recovered in a third-party action provide relief that is not available under G. L. c. 152, prior to Curry this view did not animate the discussion in the cases interpreting § 15. Instead, the Supreme Judicial Court has written that the goal of § 15 is to provide workers’ compensation insurers with first priority in the allocation of third-party recoveries. Bongiorno, supra.
Another problem with the reasoning in Curry is that it requires the phrase “the sum recovered,” as it appears in § 15, to refer not to the entire amount recovered in the third-party action, nor to the “gross sum received in payment for the injury,” as the statute provides, but instead to some lesser amount of that “gross sum” consisting exclusively of damages awarded for lost wages and medical expenses. This requires a strained reading of the statute’s text. It is based on speculation about a distinction that the Legislature could have made between economic and noneconomic damages, but that does not appear in the statute. See Saab v. Massachusetts CVS Pharmacy, LLC, 452 Mass. 564, 572 (2008) (“[I]t is not the role of courts to create a more comprehensive or logical system of compensation. . . . That is a task for the Legislature”). In order to read such a distinction into the law we would have to disregard the Legislature’s specific direction to courts about how to read statutes, see G. L. c. 4, § 6, Third,[7] as well as our own canons of construction. “[T]he statutory language itself is the principal source of insight into the legislative purpose.” Hoffman v. Howmedica, Inc., 373 Mass. 32, 37 (1977).
While the law in other States relating to the scope of the insurer’s lien is not a certain guide, it is noteworthy that a majority of courts in other jurisdictions with statutes comparable to § 15 include damages for pain and suffering recovered in a third-party action within the scope of the insurer’s lien. See 6 Larson’s Workers Compensation Law § 117.01[1] & accompanying digest (2014 ed.) (collecting cases). See also Wiclcert, Workers’ Compensation Subrogation in All 50 States § 3.4 (5th ed. 2012); 1 Modem Workers Compensation 103:57 (Clark Boardman Callaghan 2014).

Statutes 1991, c. 398, § 39, added the following language to G. L. c. 152, § 15: “At such hearing the court shall inquire and make a finding as to the taking of evidence on the merits of the settlement, on the fair allocation of amounts payable to the employee and the employee’s spouse, children, parents and any other member of the employee’s family or next of kin who may have claims arising from the injury for which are payable, under this chapter in which the action has been commenced after an opportunity has been afforded both the insurer and the employee to be heard on the merits of the settlement and on the amount, if any, to which the insurer is entitled out of such settlement by way of reimbursement, and on the amount of excess that shall be subject to offset against any future payment of benefits under this chapter by the insurer, which amount shall be determined at the time of such approval. In determining the amount of ‘excess’ that shall be subject to offset against any future compensation payment the board, the reviewing board, or the court in which the action has been commenced shall consider the fair allocation of amounts payable to and amongst family members who may have claims arising from the injury for which said compensation is payable.”

Curry appears to be premised on the notion that the goal of preventing an injured employee from receiving a double recovery in a third-party action under *597 § 15 is maintained by shielding the employee’s recovery for pain and suffering from the reach of the lien because a recovery for pain and suffering is not permitted in an action under G. L. c. 152. See Curry, supra at 595. However, the bar against permitting double recovery is defined more broadly to mean that “an employee should not recover both workmen’s compensation benefits and damages at law for the same injury.” Eisner v. Hertz Corp., 381 Mass. 127, 131 (1980), quoting from McDonald v. Employers’ Liab. Assur. Corp., 288 Mass. 170, 174 (1934). When an injured employee receives compensation under G. L. c. 152 and then brings a third-party action, whether the recovery segregates the award of damages for loss of earning capacity, medical expenses, and pain and suffering or not, there are two recoveries for the same injury. Under § 15, it is only when the recovery in the tort action is “in excess” of the compensation paid by the insurer under G. L. c. 152 that it is received by the employee.

In Lane, the dispute was over the allocation of the proceeds of a third-party action in which the judge approved a settlement in the amount of $237,500, by allocating only ten percent toward the decedent’s personal injury, and thus recoverable by the insurer, with the remainder allocated to cover claims for loss of consortium and negligent infliction of emotional distress on the part of the decedent’s surviving spouse and four sons.

Additional cases decided by the Supreme Judicial Court and cited by the insurer make the same point. See, e.g., Meehan’s Case, 316 Mass. 522, 523 (1944) (under § 15, insurer “was entitled to reimburse itself for compensation paid to the employee out of any amount that it might recover” from a tortfeasor); Richard v. Arsenault, 349 Mass. 521, 524 (1965) (under § 15, “any damages awarded as a result of the third party action must first be applied to reimburse the insurer for the compensation paid”); Boardman’s Case, 365 Mass. 185, 193 (1974) (under § 15, “it is only from the balance of the [settlement] proceeds, after insurer’s reimbursement including reimbursement of medical costs, that the employee secures any recovery”); Pina v. Liberty Mut. Ins. Co., 388 Mass. 1001, 1002 (1983) (“§ 15 obligates [the employee] to pay over to the [workers’ compensation] insurance carrier, from the judgment, the benefits paid” by the insurer).

See G. L. c. 152, § 1 (referring repeatedly to a specific “date of injury”); § 1(7A) (defining “personal injury”); § 7 (referring to a “first report of injury” and “benefits for the alleged injury”); § 12(1) (providing for proceedings in “the county in which the injury occurred”); § 16 (referring to whether employee’s “incapacity or death is or was the result of the injury for which he received compensation”); § 23 (referring to releases of claims “arising from the injury”). See also McHoul, petitioner, 445 Mass. 143, 154 (2005), cert denied, 547 U.S. 1114 (2006) (“The term ‘injury’ has not been defined in the statute, but the word is hardly opaque. Webster’s Third New International Dictionary 1164 [1993] defines ‘injury’ in its most common sense to mean ‘an act that damages, harms, or hurts: an unjust or undeserved infliction of suffering or harm: wrong.’ ”).

In Richard v. Arsenault, supra, the Supreme Judicial Court explained that § 15’s bar against an employee’s double recovery is another way of providing that the insurer is entitled to satisfy its lien for compensation benefits paid out of the proceeds of a third-party action before the employee is entitled to anything. “The ‘claimant should not be allowed to keep the entire amount both of his compensation award and of his common-law damage recovery. The obvious disposition of the matter is to give the employer so much of the negligence recovery as is necessary to reimburse him for his compensation outlay, and give the employee the excess. This is fair to everyone concerned: the employer, who, in a fault sense, is neutral, comes out even; the third person pays exactly the damages he would normally pay, which is correct, since to reduce his burden because of the relation between the employer and employee would be a simple windfall to him which he has done nothing to deserve; and the employee gets a fuller reimbursement for actual damages sustained than is possible under *600 the compensation system alone.’ Larson, Workmen’s Compensation Law, § 71.20. This principle is implicit in § 15.” Id. at 524.

General Laws c. 4, § 6, Third, provides that “[w]ords and phrases shall be construed according to the common and approved usage of the language .. . .” See Burke v. Chief of Police of Newton, 31A Mass. 450, 452 (1978) (words in a statute should be given their ordinary meaning unless there is a clear indication to the contrary).