123 So.2d 527

**LIBERTY MUTUAL INSURANCE COMPANY**

v.

**W. S. MANASCO.**

**6 Div. 549.**

Supreme Court of Alabama.

Aug. 18, 1960.

Sadler, Sadler, Sullivan & Herring, W. J. Sullivan, Jr., Birmingham, for petitioner.

S. P. Keith, Jr., Birmingham, opposed.

LAWSON, Justice.

We granted certiorari to review the opinion and judgment of the Court of Appeals in the case of Liberty Mutual Insurance Company v. Manasco.

We have gone to the record for a more complete understanding of the question treated in the opinion of the Court of

Appeals, which we have the right to do where there is no dispute about the facts. Cranford v. National Surety Corp., 231 Ala. 636, 166 So. 721; Helms v. State of Alabama, 270 Ala. 603, 121 So.2d 106.

Manasco sued O. M. Cummins, Sr., d/b/a Cummins Truck Company, and George Thomas to recover damages which he alleged he suffered as a result of a motor vehicle collision. The complaint contained two counts. The first count charged the defendants with negligence, the second charged them with wantonness. Both counts claimed damages for medical and hospital expenses as well as damages for personal injuries.

Manasco was an employee of Butler Manufacturing Company, to which we will sometime refer as Butler.

Liberty Mutual Insurance Company, sometimes referred to hereafter as Liberty, was the workmen's compensation carrier for Butler.

Liberty paid to Manasco weekly disability benefits under the workmen's compensation law in the total amount of $112 and medical benefits under that law in the sum of $663.77.

Liberty, as workmen's compensation carrier for Butler, intervened in Manasco's suit against Cummins, d/b/a etc., et al., claiming the benefits of the subrogation rights afforded to it under the provisions of § 312, Title 26, Code 1940, as amended. In its "Complaint upon Intervention," Liberty sought reimbursement not only for the disability benefits paid Manasco but for the amounts paid out by it in settlement of Manasco's medical and hospital expenses.

Thereafter, Manasco amended his complaint by striking from each count his claim for damages for medical and hospital expenses.

In accordance with an agreement of the parties, the court later entered a judgment in favor of the plaintiff, Manasco, and the intervenor, Liberty, against "the defendants," in the amount of $9,000, together with costs of court. The minute entry contained a provision to the effect that the division of the judgment as between the plaintiff, Manasco, and the intervenor, Liberty, would be determined later by the court without a jury.

Thereafter, the court adjudged that the intervenor, Liberty, was entitled to reimbursement in the sum of $112, representing the amount it had paid out as disability benefits to the plaintiff, Manasco, but denied reimbursement to Liberty for the amount which it had expended in payment of medical and hospital expenses incurred by Manasco.

Liberty appealed to the Court of Appeals, where the judgment of the circuit court was affirmed on the ground that since the plaintiff, Manasco, had stricken from his complaint his claim for damages for medical and hospital expenses, no part of the $9,000 judgment could have been based on such damages. Hence, the Court of Appeals held that Liberty, the intervenor, was not entitled to reimbursement for medical and hospital expenses which it had paid out on Manasco's behalf.

The Court of Appeals expressly declined to decide the question as to whether the word "compensation" as used in § 312, Title 26, Code 1940, as amended, upon which the intervenor relies for reimbursement, includes "medical and hospital expenses" in view of the amendment of § 262, Title 26, by Act No. 36, approved June 2, 1949, Acts of Alabama, 1949 Regular Session, p. 47.

However, in treating the question of pleading as it did the Court of Appeals seems to have assumed, for the purpose of considering the pleading question, but for that purpose only, that the word "compensation" as used in § 312, Title 26, Code 1940, as amended, includes "medical and hospital expenses."

If the word "compensation" as used in § 312, Title 26, as amended, is considered as including "medical and hospital expenses," we cannot agree with the conclusion reached by the Court of Appeals to the effect that Butler or Liberty cannot be reimbursed out of a judgment recovered by Manasco in a suit against a third party the amount of money paid to Manasco or to another on his behalf in the form of "medical and hospital expenses."

■■ Manasco has filed his suit against the third party wrongdoers within the time required by law. Hence, under the provisions of § 312, Title 26, as amended, supra, neither Butler nor Liberty can now maintain a suit against those wrongdoers to recover monies paid to Manasco or to others on his behalf. If the conclusion of the Court of Appeals is correct, then it was within Manasco's power to so word his complaint as to deprive Butler or Liberty of reimbursement for that part of the "compensation" paid to Manasco or to others on his behalf in the form of "medical and hospital expenses." We do not think the Legislature intended any such unjust result. In our opinion, the employer or insurance carrier is entitled to be reimbursed, out of any judgment recovered by the employee or his representative in a suit against a third party wrongdoer, all payments made by the employer or the insurance carrier which are included within the meaning of the word "compensation" as used in § 312, Title 26, as amended, irrespective of the type of damages claimed in the complaint in the suit against the third party wrongdoer.

■ We have said that on certiorari to the Court of Appeals we consider only the questions treated in the opinion of that court which are challenged in the petition for the writ and which are argued in brief filed in support of the petition. Kelley v. Osborn, 269 Ala. 392, 113 So.2d 192, and cases cited.

■ However, we do not think we should reverse the judgment of the Court of Appeals because of our disagreement as indicated above without expressing our views on the question as to whether the word "compensation" as used in § 312, Title 26, Code 1940, as amended, includes "medical and hospital expenses."

We answer that question in the negative because of the definition of the word "compensation" as spelled out in Subsection (a) of § 262, Title 26, Code 1940, as rewritten by Act No. 36, approved June 2, 1949, Acts of Alabama, 1949 Regular Session, p. 47.

Section 262, Title 26, Code 1940, as amended by the 1949 Act, supra, reads in parts here pertinent as follows:

"§ 262. *Words and phrases defined.* —Throughout articles 1 and 2 of this chapter the following words and phrases as used therein shall be considered to have the following meaning, respectively, unless the context shall clearly indicate a different meaning in the connection used. (a) The word 'compensation' has been used both in article 1 and article 2 of this chapter to indicate the money benefits to be paid on account of injury or death. Strictly speaking, the benefit which an employee may receive by action at law under article 1 of this chapter is damages, and this is indicated in section 253 of this title. To avoid confusion, the word 'compensation' has been used in articles 1 and 2 of the chapter, but it should be understood that under article 1 the compensation by way of damages is determined by an action at law. *The word 'compensation' does not include medical and surgical treatment and attention, medicine, medical and surgical supplies, crutches and apparatus furnished an employee on account of an injury.*" (Emphasis supplied.)

In 1948 this court in Ingalls Shipbuilding Corp. v. Cahela, 251 Ala. 163, 36 So.2d

513, held that the payment of medical and hospital expenses constituted payment of "compensation" within the meaning of § 296, Title 26, Code 1940, which provides in effect a limitation of one year after the accident unless within one year after the accident the parties shall agree upon the compensation, or unless one of the parties within one year after the accident shall have filed a verified claim under § 304, Title 26; but when payment of "compensation" has been made in any case said limitation shall not take effect until the expiration of one year from the time of making the last payment.

Our holding in the Cahela case, supra, may have had some influence on the Legislature in bringing about a change in the definition of the word "compensation" as it appeared in § 262, Title 26, Code 1940, but we cannot say that the Legislature only intended to change the meaning of the word as used in § 296, Title 26, Code 1940. If that had been the Legislature's sole objective it would have, no doubt, so provided in § 296, Title 26, supra.

Nor can we say that the "context" of § 312, Title 26, Code 1940, as amended, "clearly" indicates that the word "compensation" as there used is to be given a meaning different from that spelled out in the 1949 Act, supra.

We are not here considering the wisdom or fairness of the meaning given the word "compensation" by the 1949 Act, supra; that is for another branch of the government.

The judgment of the Court of Appeals is reversed and the cause is remanded to that court for further proceedings in accordance with this opinion.

Reversed and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.