This appeal presents a question of first impression in Alabama: whether an injured employee must reimburse his employer's workmen's compensation carrier for benefits received upon obtaining a settlement from a third party tortfeasor.
On January 8, 1975 George Orum, while an employee of Graphite and Carbon, Inc., was injured on the job when his feet slipped into a load of graphite he was hauling, causing them to be crushed and injured. Employers Casualty Company, a corporation, the workmen's compensation insurer for the employer, paid to Orum $4,478.55 as compensation for temporary total disability and medical benefits of $4,838.15.
On January 6, 1976 Orum filed a complaint in the Circuit Court of Jefferson County against J.I. Case Company, Inc. claiming that he was injured while operating a machine manufactured by Case; that his injuries were caused by the negligence of the manufacturer in designing, building and distributing such a defective machine; and $100,000 as damages. Orum also alleged a breach of warranty and asked for a similar sum as damages. On motion of Case the matter was transferred to the United States District Court for the Northern District of Alabama.
After removal of the action to the federal court, Employers Casualty Company filed a motion to intervene in said proceeding on the following ground:
 "4. The intervenor is subrogated to the rights of the plaintiff to the extent of the payments so made and is entitled to recover the sum so paid out of any judgment which the plaintiff may recover against the defendant for or by reason of the injuries described in the plaintiff's complaint."
Orum settled with Case without going to trial. The federal court entered an order permitting Orum's claim against Case to be dismissed with prejudice and also allowed Employers to dismiss with prejudice its claim against Case. Upon request, the court then dismissed Employers' claim against Orum but without prejudice to any right of recovery it might have against him.
On October 21, 1976 Employers Casualty Company filed an equity action against George Orum in the Circuit Court of Jefferson County alleging, among other things, that Orum had settled with Case in the third party action for $21,500; that it had received no part of the settlement; and that it was entitled to recover of Orum $4,478.55 paid to him as compensation benefits for temporary total disability under Title 26, Section 312, Code of Alabama 1940 (Recomp. 1958): That section provides in pertinent part:
 "If the injured employee . . . [recovers] damages against such other party the amount of such damages so recovered and collected shall be credited upon the liability of the employer for compensation, and if such damages so recovered and collected should be in excess *Page 794 
of the compensation payable under article 2 of this chapter there shall be no further liability on the employer to pay compensation on account of such injury or death, and the employer shall be entitled to reimbursement for the amount of compensation theretofore paid on account of such injury or death."
Orum moved for a dismissal of the complaint on two grounds; first that Employers' claim was barred due to its failure to pursue its subrogation rights against Case in the federal court and therefore it was estopped from asserting such a claim against Orum; and second, that Employers had waived any claim against Orum because Employers voluntarily dismissed its claim against Case in the federal court. This motion was overruled and an answer was filed; thereupon the court, after entering a pre-trial order in which it was agreed to submit the matter on the pleadings, held pursuant to the authority of Title 26, Section 312 that Employers was entitled to recover of Orum the $4,478.55 previously paid to him as compensation benefits for temporary total disability. Orum appeals from that decree.
Orum's position appears to be that since Employers did not participate in his settlement with Case and did not pursue its subrogation claim against Case, as Orum contends Employers had a right to do, Employers cannot now expect to be reimbursed for the benefits paid by it to Orum out of Orum's settlement with Case. Orum further says that Employers, by not participating in the settlement and by dismissing its action against the tortfeasor, waived its subrogation rights under Title 26, Section 312, Code of Alabama 1940 (Recomp. 1958).
Employers, also relying on Title 26, Section 312, says in response that there was no waiver of its right of recovery against the employee to whom it had previously paid compensation benefits by the dismissal with prejudice of its claim against the third party tortfeasor. Employers maintains it had a choice to pursue its claim against Orum in the federal court or, as it did, to file a new action against Orum in the state court to recover the amount it had paid to him as compensation benefits.
Title 26, Section 312 authorizes an injured employee, or in case of his death his dependents, to bring an action against a third party tortfeasor to recover damages within the time allowed by law, and gives to the employer or its insurer, should the employee or his dependents fail to bring the action within the time allowed, an additional six months within which to file such an action. This aspect of section 312 has been construed to mean that the employee or his dependents have exclusive authority to bring the action. It is only when they fail to prosecute the action within the time allowed by law that the employer or its insurer has a right to proceed against the third party tortfeasor. Liberty Mutual Insurance Co. v.Lockwood Greene Engineers, Inc., 273 Ala. 403, 140 So.2d 821
(1962). In the case at bar the employee did file an action against the third party tortfeasor in the Circuit Court of Jefferson County. The action was transferred to the federal court and the insurer intervened. The insurer informed both the employee and the third party tortfeasor that it was exercising its subrogation rights to the extent of the compensation benefits it had paid to the employee and expected to recover this amount out of any judgment which the employee recovered.
We are persuaded that Employers, by its intervention petition, was not proceeding adversely against the tortfeasor and thereby usurping the employee's action, but was merely protecting its statutory right to share in the proceeds of any recovery by the employee by making both the employee and third party tortfeasor aware of its interest to the extent of the compensation benefits previously paid to the employee. Such a procedure seemingly complies with section 312, and LibertyMutual Insurance Co., supra, and does not appear to contravene the pronouncements of Hughes v. Newton, 295 Ala. 117,324 So.2d 270 (1976), or Liberty Mutual Insurance Co. v. Manasco,271 Ala. 124, 123 So.2d 527 (1960). We conclude that procedurally Employers followed the proper course of action. *Page 795 
We now turn to the question whether Orum must reimburse Employers the $4,478.55 he has received in workmen's compensation benefits from the $21,500 settlement with Case.
Orum apparently concedes that had the action in the federal court been prosecuted to final judgment, under section 312 Employers would have been entitled to recover the amount it paid in benefits to Orum. However, he argues, since the claim against the third party tortfeasor was settled, and therefore not reduced to judgment, Employers is not entitled to recover the $4,478.55. This argument is based on the provision in section 312 for the recovery of damages by the employee against the third party tortfeasor. Orum maintains that damages can mean only a money judgment, and therefore section 312 precludes reimbursement from a settlement.
This same argument was rejected by the Supreme Court of Alaska in Stafford v. Westchester Fire Insurance Co., Alas.,526 P.2d 37 (1974), overruled on other grounds Cooper v.Argonaut Insurance Companies, Alas., 556 P.2d 525 (1976), when an injured employee sought to avoid reimbursing his employer's workmen's compensation carrier upon obtaining a settlement from a third party tortfeasor. Like our statute, the Alaska statute provides that upon the recovery of damages from the third party tortfeasor, an employee or his representative shall promptly reimburse his employer for benefits paid. The Alaskan court said:
 "Stafford asserts first that a compromise settlement does not involve `recovery of damages' within the ambit of AS 23.30.015 (f). . . .
 "We find . . . Stafford's argument untenable. One of the dominant themes of Alaska's Workmen's Compensation Act is the avoidance of double recovery, which theme is reflected in the requirement of AS 23.30.015 (g) that the total amounts paid by the compensation carrier be returned to it when damages are recovered by the employee from a third person. Professor Larson, in discussing this theme which is commonly found in compensation acts, states that the
 "claimant should not be allowed to keep the entire amount both of his compensation award and of his common-law damage recovery. The obvious disposition of the matter is to give the employer so much of the negligence recovery as is necessary to reimburse him for his compensation outlay, and to give the employee the excess.
 "This principle applies equally when a suit is settled as when a final judgment is rendered. . . . We are not persuaded that Stafford's construction of the term `recovery', as used in AS 23.30.150 (g), (sic) should be adopted." 526 P.2d, at 40.
This court in Baggett v. Webb, 46 Ala. App. 666,248 So.2d 275, cert. den. 287 Ala. 725, 248 So.2d 284 (1971), recognized the prohibition against an employee's double recovery by the provision of Title 26, Section 312 requiring an employee to reimburse the employer from damages recovered. Therefore, in accord with the rationale of the Alaska Supreme Court, we conclude that Orum's argument as to the difference between a recovery of damages by settlement and by judgment is unacceptable, since it could authorize a double recovery for the employee. Such is not now permitted in Alabama.
Orum also says that Employers should have proceeded against the third party tortfeasor to collect the compensation benefits paid to him rather than attempting to recover the benefits from him. Such a proposition not only is contrary to Title 26, Section 312, but also is contrary to the pronouncements of our supreme court in Liberty Mutual Insurance Co. v. LockwoodGreene Engineers, Inc., supra; and Liberty Mutual Insurance Co.v. Manasco, supra.
In Manasco the supreme court said that where the employee has filed suit against the third party tortfeasor within the time allowed by law, neither the employer nor his insurer can maintain an action against the wrongdoer to recover monies either one has paid to the employee. The court then *Page 796 
said that the employer or carrier is entitled to be reimbursed out of any recovery obtained by the employee from the tortfeasor. That same conclusion is found in Hughes v. Newton,supra.
Although Orum's theory of the case is contrary to the settled law in Alabama, it is interesting to note that Employers takes the position that it could have proceeded against the third party tortfeasor at the same time and in the same action that Orum was prosecuting against the tortfeasor; furthermore, Employers says that it could have proceeded against the tortfeasor even after Orum settled him claim with the tortfeasor. This position, also, is contrary to section 312 and the above cited Alabama cases. In the factual context of the present case, Employers could not proceed against the tortfeasor while Orum had his action in fieri, nor could Employers proceed against the tortfeasor after Orum and the tortfeasor settled their case because then section 312 requires Employers to be reimbursed out of Orum's recovery.
For the reasons stated above the judgment appealed from is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.