Dennis Wayne Davidson appeals a summary judgment in favor of his employer, Pet, Inc., with regard to Pet's right to reimbursement for worker's compensation benefits paid to Davidson as a result of a motor vehicle accident. We affirm.
Davidson was a passenger in a tractor-trailer unit owned by his employer and driven by a co-employee, Ricky Harrell, when another tractor-trailer unit, driven by Roger Lynn Fowler, an employee of Steel Processing Services, Inc., SPS Transportation, collided with their vehicle. Who was at fault in the accident was in dispute. As a result of the accident, Davidson sued Pet for worker's compensation benefits. The trial court determined that he was 55% disabled as a result of the accident and that he was entitled to $63,248.00 in worker's compensation benefits.
In a separate action, Davidson and Harrell sought damages from Steel Processing Services, Inc., SPS Transportation; Fowler; and Ryder Truck Rentals, Inc., which had rented the truck to Steel Processing; that action alleged that negligence on the part of Fowler had caused the accident. Pet intervened in that action, seeking reimbursement for the worker's compensation benefits it had paid to Davidson. Davidson settled with Steel Processing for $130,000 and the jury found in favor of Harrell and against Steel Processing.[1] *Page 897 
The trial court held that Pet was entitled to reimbursement of the worker's compensation benefits it had paid to Davidson; Davidson appealed. We affirm.
Davidson contends that he was not made whole as a result of the settlement with Steel Processing and that, therefore, pursuant to Powell v. Blue Cross Blue Shield,581 So.2d 772 (Ala. 1990). Pet is not entitled to reimbursement for payments made to him. We disagree. Powell, supra, specifically states in footnote 8:
 "We note that any reimbursement for compensation paid to an injured plaintiff under the Alabama Workmen's Compensation Act, Ala. Code 1975 § 25-5-1 et seq. (hereinafter the 'Act'), by an employer or its insurer is specifically governed by § 25-5-11(a). Our holding in this case in no way interferes with the legislatively mandated scheme provided for under the Act.
 "We also note that, pursuant to the Act, only compensation, as opposed to medical payments, is reimbursable. For an analysis of this reimbursement scheme, see Maryland Cas. Co. v. Tiffin, 537 So.2d 469 (Ala. 1988). All of the examples set forth in the present opinion are based on the premise that no compensation under the Act is involved."
Powell, supra, at 779. The Alabama Workers' Compensation Act states as follows:
 "If the injury or death for which compensation is payable under Articles 3 or 4 of this chapter was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, whether or not the party is subject to this chapter, the employee, or his or her dependents in case of death, may proceed against the employer to recover compensation under this chapter or may agree with the employer upon the compensation payable under this chapter, and at the same time, may bring an action against the other party to recover damages for the injury or death, and the amount of the damages shall be ascertained and determined without regard to this chapter. If a party, other than the employer, is a workers' compensation insurance carrier of the employer or any person, firm, association, trust, fund, or corporation responsible for servicing and payment of workers' compensation claims for the employer, or any officer, director, agent, or employee of the carrier, person, firm, association, trust, fund, or corporation, or is a labor union, or any official or representative thereof, or is a governmental agency providing occupational safety and health services, or an employee of the agency, or is an officer, director, agent, or employee of the same employer, or his or her personal representative, the injured employee, or his or her dependents in the case of death, may bring an action against any workers' compensation insurance carrier of the employer or any person, firm, association, trust, fund, or corporation responsible for servicing and payment of workers' compensation claims for the employer, labor union, or the governmental agency, or person, or his or her personal representative, only for willful conduct which results in or proximately causes the injury or death. If the injured employee, or in case of death, his or her dependents, recovers damages against the other party, the amount of the damages recovered and collected shall be credited upon the liability of the employer for compensation. If the damages recovered and collected are in excess of the compensation payable under this chapter, there shall be no further liability on the employer to pay compensation on account of the injury or death. To the extent of the recovery of damages against the other party, the employer shall be entitled to reimbursement for the amount of compensation theretofore paid on account of injury or death. If the employee who recovers damages is receiving or entitled to receive compensation for permanent total disability, then the employer shall be entitled to reimbursement for the amount of compensation theretofore paid, *Page 898 
and the employer's obligation to pay further compensation for permanent total disability shall be suspended for the number of weeks which equals the quotient of the total damage recovery, less the amount of any reimbursement for compensation already paid, divided by the amount of the weekly benefit for permanent total disability which the employee was receiving or to which the employee was entitled. For purposes of this amendatory act, the employer shall be entitled to subrogation for medical and vocational benefits expended by the employer on behalf of the employee; however, if a judgment in an action brought pursuant to this section is uncollectible in part, the employer's entitlement to subrogation for such medical and vocational benefits shall be in proportion to the ratio the amount of the judgment collected bears to the total amount of the judgment."
§ 25-5-11(a), Code of Alabama 1975.
We have said:
 "Alabama courts have consistently upheld the subrogation rights of workmen's compensation insurance carriers in actions against third parties under § 25-5-11. This Court stated in Liberty Mutual Insurance Co. v. Manasco, 271 Ala. 124, 127, 123 So.2d 527 (1960):
 " 'In our opinion, the employer or insurance carrier is entitled to be reimbursed, out of any judgment recovered by the employee or his representative in a suit against a third party wrongdoer, all payments made by the employer or the insurance carrier which are included within the meaning of the word "compensation" as used in § 312, Title 26 [predecessor to § 25-5-11], as amended, irrespective of the type of damages claimed in the complaint in the suit against the third party wrongdoer.'
 "In Orum v. Employers Casualty Co., 348 So.2d 792, 795 (Ala.Civ.App. 1977), the Court of Civil Appeals held that the workmen's compensation insurance carrier properly intervened in an action by the employee against the third-party tort-feasor in order to exercise its statutory right of subrogation for compensation benefits paid to the employee. The court rejected the employee's contention that 'damages,' within the meaning of § 312, could mean only a 'money judgment' and held that the insurance carrier is equally entitled to reimbursement when a suit is settled."
Millers Mutual Insurance Association v. Young,601 So.2d 962, 963 (Ala. 1992). See also Northeast Utilities,Inc. v. Pittman Trucking Co., 595 So.2d 1351, 1354 (Ala. 1992). The reimbursement of Pet, Inc., is mandated by statute. Therefore, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, HOUSTON and KENNEDY, JJ., concur.
[1] The jury found in favor of Harrell; therefore, he could not have been guilty of contributory negligence.