728 So.2d 617 (1997)
Victor BUSSEN
v.
BE&K CONSTRUCTION COMPANY.[1]
2951221.
Court of Civil Appeals of Alabama.
May 23, 1997.
Rehearing Denied January 9, 1998.
*618 Bob Sherling of Sherling, Browning & York, P.C., Mobile, for appellant.
Richard W. Franklin of Armbrecht, Jackson, DeMouy, Crowe, Holmes & Reeves, L.L.C., Mobile, for appellee.
YATES, Judge.
Victor Bussen sued his employer, BE&K, on June 28, 1994, seeking workers' compensation benefits for injuries he sustained on July 21, 1993, during the course of his employment. Following an ore tenus proceeding on September 28, 1995, the trial court stayed Bussen's workers' compensation claim, pending the outcome of Bussen's third-party action that also arose out of the workplace incident. The third-party action was subsequently settled for $160,000. BE&K had previously paid temporary disability benefits and medical expenses totalling $16,000. BE&K was repaid 2/3 of the $16,000 ($10,666.67) out of the $160,000, the amount to which it was subrogated.
The case action summary sheet indicates that the workers' compensation claim was settled on January 17, 1996, and that the issue of future medical expenses was submitted to the trial court on that same day. On January 18, 1996, BE&K, in a letter brief to the trial court, stated that its position was "not that it has no further obligation to pay for future medicals. Rather, its obligation is merely suspended until [Bussen] exhausts his settlement proceeds, some $160,000." (Emphasis in original.) The trial court, on June 27, 1996, entered an order stating: "[Bussen's] claim for future medical benefits is denied." Bussen appeals, asking whether his recovery in a related third-party claim gives *619 BE & K a subrogation right for future, unpaid medical benefits.[2]
This appeal raises a question of first impression in this state: whether an employer is entitled to subrogation of future medical expenses not yet incurred by an employee, under § 25-5-11(a), Ala.Code 1975. Bussen contends that the Act and caselaw contemplate a one-time subrogation event on monies already paid and that the Act does not establish a right of subrogation in future, unpaid medical benefits on a continuing basis. He argues that nothing in the Act suggests that the legislature intended to redefine subrogation in such a way as to strip employees of future medical benefits. BE&K contends that limiting an employer's subrogation right to medical expenses incurred only through the date of the third-party recovery thwarts the legislature's effort to diminish an employer's liability to the fullest extent of the third-party tortfeasor's payment for its fault. BE&K further argues that limiting subrogation to past medical expenses creates a windfall and allows Bussen a double recovery.
Section 25-5-11(a), Ala.Code 1975, permits an employee to proceed against his employer for compensation benefits and, at the same time, to proceed against any other party who might also be liable to the employee for his injuries. Section 25-5-11(a) states, in part:
"(a) ... If the injured employee ... recovers damages against the other party, the amount of the damages recovered and collected shall be credited upon the liability of the employer for compensation. If the damages recovered and collected are in excess of the compensation payable under this chapter, there shall be no further liability on the employer to pay compensation on account of the injury or death. To the extent of the recovery of damages against the other party, the employer shall be entitled to reimbursement for the amount of compensation theretofore paid on account of injury or death.... For purposes of this amendatory act, the employer shall be entitled to subrogation for medical and vocational benefits expended by the employer on behalf of the employee."
For purposes of § 25-5-11(a), "`Compensation' does not include medical and surgical treatment and attention, medicine, medical and surgical supplies, and crutches and apparatus furnished an employee on account of an injury." § 25-5-1(1), Ala.Code 1975. See also, Liberty Mutual Ins. Co. v. Manasco, 271 Ala. 124, 123 So.2d 527 (1960). However, the definition of "compensation" is expanded for the limited purposes of § 25-5-11(e), Ala. Code 1975. Section 25-5-11(e) provides:
"(e) In a settlement made under this section with a third party by the employee... the employer shall be liable for that part of the attorney's fees incurred in the settlement with the third party ... in the same proportion that the amount of the reduction in the employer's liability to pay compensation bears to the total recovery had from the third party. For purposes of the subrogation provisions of this subsection only, `compensation' includes medical expenses, as defined in Section 25-5-77, if and only if the employer is entitled to subrogation for medical expenses under subsection (a) of this section."
The general rules of statutory construction have been stated as follows:
"`The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute. Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.'"
City of Montgomery v. Water Works & Sanitary Sewer Bd. of the City of Montgomery, 660 So.2d 588, 592 (Ala.1995), quoting IMED *620 Corp. v. Systems Engineering Assocs. Corp., 602 So.2d 344, 346 (Ala.1992). Section 25-5-11(a) relieves an employer from its obligation of making further compensation payments when an employee recovers damages from a third-party action that are in excess of the amount of compensation payable under the Act. "Compensation" refers to compensation as defined in § 25-5-1(1) and not the expanded definition of "compensation" found in § 25-5-11(e), which includes medical expenses. The definition of "compensation" found in § 25-5-11(e) is expressly limited to that subsection. Therefore, § 25-5-11(a) does not terminate the employee's right to the payment of future medical benefits when he has recovered damages from a third-party action that are in excess of the compensation payable under the Act. The legislature's refusal to expand the definition of "compensation" for purposes of § 25-5-11(a) indicates an intent not to terminate an employee's right to future medical benefits when he recovers third-party damages that exceed the amount of compensation payable under the Act.
The 1992 amendments to the Act created a right of subrogation in the employer for medical and vocational benefits expended by the employer on behalf of the employee. § 25-5-11(a), Ala.Code 1975. Section 25-5-11(a) states, in part, that "the employer shall be entitled to subrogation for medical and vocational benefits expended by the employer on behalf of the employee." In Morrow v. Shah, 181 Mich.App. 742, 450 N.W.2d 96 (1989), the Michigan Department of Social Services sought to intervene in a medical malpractice action pursuant to a state statute that created subrogation rights on behalf of the Department for Medicaid benefits. The Department anticipated that the plaintiffs needs for medical care, which were to be covered by Medicaid, would have been ongoing and substantial; therefore, it sought reimbursement for anticipated future Medicaid benefits out of any recovery from the tort action. The critical passage from the Michigan statute states that the Department's subrogation rights are "not to exceed the amount of funds expended by the department for the care and treatment of the patient." Id., 181 Mich.App. at 748, 450 N.W.2d at 99 (emphasis added). The Michigan Court of Appeals wrote:
"The statute speaks in terms of past payments only.... The state's authorization to pursue litigation asserting its subrogation rights is triggered only `[i]f a payment is made.' When the state does pursue litigation, it may not infringe upon the Medicaid claimant's right to `any part of the recovery beyond the costs expended on the person's behalf by the department.' DSS's reimbursement rights are premised upon benefits phrased solely with reference to the past tense. Nothing suggests that DSS may pursue recovery for benefits to be paid in the future. In fact, some of the statutory phrases just noted would appear to affirmatively prohibit what DSS seeks in this case."
Id., 181 Mich.App. at 748, 450 N.W.2d at 99 (citations omitted).
We conclude that § 25-5-11(a) also speaks in terms of past payments only. An employer's right to reimbursement for medical benefits expended on behalf of the employee is premised upon benefits phrased solely with reference to the past tense and does not accrue until the employer has actually expended, or paid out, those medical benefits on the employee's behalf. Nothing in § 25-5-11(a) suggests that an employer is entitled to subrogation of benefits it has not yet paid.
Our holding is also consistent with the recognized principles of subrogation. Subrogation is defined as the "right of one who has paid an obligation which another should have paid to be indemnified by the other." Black's Law Dictionary 1279 (5th ed.1979) (emphasis added). Subrogation is an equitable doctrine intended to prevent a double recovery by an insured and to reimburse the insurer for payments it made that should be borne by another. Int'l Underwriters/Brokers, Inc. v. Liao, 548 So.2d 163 (Ala.1989). Upon paying a debt owed to a bank, a guarantor of a note becomes subrogated to the bank's claims against the maker of the note. Stewart v. Jones, 614 So.2d 1023 (Ala.1993). An administrator who pays in full a debt of the estate is subrogated to the rights of the creditor whose claim he has *621 paid. Hullett v. Hood, 109 Ala. 345, 19 So. 419 (1896). Subrogation may not be ordered unless the whole debt is paid. Corinth State Bank v. First National Bank of Florence, 217 Ala. 632, 117 So. 216 (1928).
Accordingly, we reverse the judgment of the trial court and remand the case for the trial court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, J., concurs specially.
ROBERTSON, P.J., and MONROE, J., concur in the result.
CRAWLEY, J., dissents.
THOMPSON, Judge, concurring specially.
I agree with Judge Yates's interpretation of the statute. However, I do believe the statute as written allows for a double recovery by the employee at the expense of the employer.
For purposes of subrogation, I can see no reason for the distinction between past and future medical payments. In my opinion, the settlement proceeds should be treated as an advance payment on future compensation and should include all future medical expenses. When the advance is exhausted, the employer would resume paying the workers' compensation benefits, if further payment is warranted.
The legislature will have to address this problem as it sees fit.
CRAWLEY, Judge, dissenting.
I must respectfully dissent. When future expenses are paid by the workers' compensation insurer, Ala.Code 1975, § 25-5-11, will still entitle it to be reimbursed for the "benefits expended." An insurer's subrogation right is not limited to a one-time recovery at the time of recovery from a third party. Of course, the problem facing the insurer will be collecting the money from the worker at a later date. Upon receipt from the third party and after payment to the insurer of an amount for "benefits expended," to the insurer, the balance of the proceeds of a third-party recovery will be paid to the worker, who may or may not reserve a sufficient amount to reimburse the insurer for future expenses.
Rather than require the insurer to risk the worker's possible inability to reimburse the insurer for future benefits after they are paid, many courts have allowed the insurer to withhold payment of benefits until the amount of such benefit payments equals the balance of the third-party recovery, at which time the insurer would resume payment of the appropriate benefits. See, e.g., Bilodeau v. Oliver Stores, Inc., 116 N.H. 83, 352 A.2d 741 (1976); Richard v. Arsenault, 349 Mass. 521, 209 N.E.2d 334 (1965); see also 2A A. Larson, Workmen's Compensation Law, § 74-31(e), p. 14-471 (1989 & Supp.1990)("If the statute does not take pains to deal explicitly with the problem of future benefits, but merely credits the carrier for compensation paid ... the correct holding is still that the excess of the third-party recovery over past compensation actually paid stands as a credit against future liability of the carrier.").
NOTES
[1] The notice of appeal carried the name of the appellee as "BE&K." The record indicates that that party is "BE&K Construction Company."
[2] We note that it was difficult to track the procedural history of this case because of the scant record before us. The record contains no transcript of the hearing in which the parties argued their positions concerning the issues involved in this appeal. As to the issues raised on appeal, the record contains only the complaint, three letter briefs, the trial court's order, and the case action summary sheeta total of 15 pages of material.