728 So.2d 621 (1998)
Ex parte BE&K CONSTRUCTION COMPANY.
(Re Victor Bussen
v. BE&K Construction Company).
1970692.
Supreme Court of Alabama.
December 11, 1998.
*622 Richard W. Franklin of Armbrecht, Jackson, DeMouy, Crowe, Holmes & Reeves, L.L.C., Mobile, for petitioner.
Bob Sherling of Sherling, Browning & York, P.C., Mobile, for respondent.
Carl Robert Gottlieb, Jr., of Reams, Philips, Brooks, Schell, Gaston, Hudson & Gottlieb, P.C., Mobile, for amicus curiae Municipal Workers Compensation Fund, Inc., in support of the petitioner.
MADDOX, Justice.
We have granted certiorari review to consider the judgment of the Court of Civil Appeals in this workers' compensation case. See Bussen v. BE&K Construction Co., 728 So.2d 617 (Ala.Civ.App.1997). The single legal issue presented is whether an employer is statutorily entitled to subrogation to recover medical-benefits payments it has made and those it will be obligated to make in the future, or whether the employer's right of subrogation applies only to the amounts already paid.
The dispute between the employer and the employee involves an interpretation of § 25-5-11(a), Ala.Code 1975,[1] which authorizes an injured employee or the employee's dependents to bring an action against a third-party tortfeasor while concurrently maintaining an action against the employer for workers' *623 compensation benefits, but which also provides that "the employer shall be entitled to subrogation for medical and vocational benefits expended by the employer on behalf of the employee."
Victor Bussen sued his employer, BE&K Construction Company, seeking workers' compensation benefits. The trial court stayed proceedings on his workers' compensation claim pending the outcome of his action against a third-party tortfeasor based on the same incident that was the basis for his workers' compensation claim. Bussen subsequently settled the third-party action for $160,000. When the settlement was reached, BE&K had paid to Bussen, or had paid on his behalf, temporary disability benefits and medical expenses totalling approximately $16,000. Pursuant to the provisions of § 25-5-11(a), Bussen paid $10,698.65 to BE&K, in alleged satisfaction of BE&K's subrogation rights under the statute.
BE&K wrote a letter to the trial court, contending that its obligation to pay any future medical expenses should be suspended until Bussen had exhausted the settlement proceeds from the third-party action. The trial court not only denied Bussen's claim for future medical expenses, but dismissed his workers' compensation case. The effect of the trial court's ruling denying Bussen any future medical benefits was to grant BE&K relief beyond what it had requested and was adverse to Bussen. Bussen appealed. The Court of Civil Appeals reversed the judgment of the trial court, holding that under the provisions of § 25-5-11(a) BE&K was not entitled to be subrogated as to any medical benefits it might be required to pay in the future. BE&K petitioned for a writ of certiorari, which this Court granted.
This case involves a question of legislative intent, and in ascertaining legislative intent we apply traditional principles of law. This Court has previously stated that in construing a statute "the fundamental rule is that the court has a duty to ascertain and effectuate legislative intent expressed in the statute, which may be gleaned from the language used, the reason and necessity for the act, and the purpose sought to be obtained." Ex parte Holladay, 466 So.2d 956, 960 (Ala. 1985), citing Shelton v. Wright, 439 So.2d 55 (Ala.1983). With this principle in mind, we have examined the language used by the Legislature and have considered the purpose the Legislature had in mind when it adopted its 1992 amendment to the Workers' Compensation Act (see note 1). We hold that § 25-5-11(a) applies to future medical benefits that have not been paid, but which the law requires the employer to pay. The language of the 1992 amendment indicates that by that amendment the Legislature intended to provide the employer full subrogation to the extent the injured employee recovers damages from a third-party tortfeasor. Section 25-5-11(a) states, in pertinent part, that "the employer shall be entitled to subrogation for medical and vocational benefits expended by the employer on behalf of the employee." The use of the word "expended" indicates to us that the Legislature contemplated subrogation as to all medical benefits paid, regardless of when such benefits were paid. We can draw no inference from the statutory language or from the presumed purpose of the statute that would indicate that the Legislature, by using the word "expended," intended to allow the employer subrogation as to those expenses it had already paid, but not as to those amounts it is legally required to "expend" in the future.
A number of states have enacted statutes specifically providing the employer or its insurer subrogation as to the amounts it pays for the employee's future medical expenses. See, e.g., Conn. Gen.Stat. § 31-293 (1997); Del.Code Ann. tit. 19, § 2363 (1995); Fla. Stat. ch. 440.39 (Supp.1998); Mich. Comp. Laws § 418.827 (Supp.1998). In situations, however, where state legislatures were not as precise in dealing with the issue of subrogation rights, courts have held that an insurer may withhold payment of future medical benefits until the recovery from a third-party tortfeasor is exhausted, at which time the insurer would resume payment. See Bilodeau v. Oliver Stores, Inc., 116 N.H. 83, 352 A.2d 741 (1976); and Richard v. Arsenault, 349 Mass. 521, 209 N.E.2d 334 (1965). Further, Professor Larson, in his treatise on workers' compensation, reasons that "if the statute does not take pains to deal explicitly *624 with the problem of future benefits, but merely credits the carrier for compensation paid ... the correct holding is still that the excess of the third-party recovery over past compensation actually paid stands as a credit against future liability of the carrier." A. Larson, Workmen's Compensation Law, § 74-31(e), p. 14-471 (1989 & Supp.1990).
We conclude that the Legislature, by using the word "expended," did not intend to limit subrogation to benefits that had been paid, but intended, as Professor Larson suggested, that the excess of the third-party recovery over the amount paid in past medical and vocational benefits should stand as a credit against future liability. Stated differently, we believe the Legislature intended that the law of subrogation apply. This Court has held:
"The entire law of subrogation, conventional or legal, is based upon equitable principles. The equitable considerations that are the underpinnings of subrogation are (1) that the insured should not recover twice for a single injury, and (2) that the insurer should be reimbursed for payments it made that, in fairness, should be [made] by the wrongdoer."
Powell v. Blue Cross & Blue Shield, 581 So.2d 772, 774 (Ala.1990) (citations omitted); quoted in American Economy Ins. Co. v. Thompson, 643 So.2d 1350, 1352 (Ala.1994).
We conclude that the Legislature intended that in situations where the injured employee recovers from a third-party tortfeasor, the amount of that recovery attributable to the employee's medical or vocational expenses should be exhausted before the employer or its workers' compensation insurer is obligated to resume payment of those expenses. In reaching this conclusion, we recognize that when a workers' compensation claimant has also filed a third-party action, the parties in the third-party action should make a concerted effort to ensure that any recovery, whether by settlement or by trial, is fairly apportioned so as to designate how much of the recovery is attributable to medical (and vocational) expenses, both past and future. Therefore, it is in the capable hands of the trial judges presiding over the third-party actions to determine to their satisfaction the amount of each award in a third-party action to be attributed to the employee's medical (or vocational) expenses.
We reverse the judgment of the Court of Civil Appeals and remand this cause to that Court with instructions to have the trial court conduct a hearing to determine, using equitable principles applicable to subrogation rights, which part of Bussen's settlement is attributable to his medical expenses and thereafter to enter an order allowing BE&K subrogation as to that portion of Bussen's third-party recovery that is attributable to future medical expenses that BE&K would be legally required to pay. When the portion of the recovery that is attributed to future medical expenses is exhausted, BE&K will then be required to resume payment of medical expenses.
REVERSED AND REMANDED, WITH INSTRUCTIONS.
HOOPER, C.J., and HOUSTON, SEE, and LYONS, JJ., concur.
SHORES and COOK, JJ., dissent.
NOTES
[1] "If the injury or death for which compensation is payable under Articles 3 or 4 of this chapter was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer ... the employee... may proceed against the employer to recover compensation under this chapter or may agree with the employer upon the compensation payable under this chapter, and at the same time, may bring an action against the other party to recover damages for the injury or death, and the amount of the damages shall be ascertained and determined without regard to this chapter.... If the injured employee ... recovers damages against the other party, the amount of the damages recovered and collected shall be credited upon the liability of the employer for compensation.... For purposes of this amendatory act, the employer shall be entitled to subrogation for medical and vocational benefits expended by the employer on behalf of the employee; however, if a judgment in an action brought pursuant to this section is uncollectible in part, the employer's entitlement to subrogation for such medical and vocational benefits shall be in proportion to the ratio the amount of the judgment collected bears to the total amount of the judgment." § 25-5-11(a), Ala.Code 1975, as amended by 1992 Ala. Acts, Act No. 92-537, § 8.