Rel: September 20, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2024

———————————————

### CL-2023-0901

———————————————

**Alabama Home Builders Self Insurers Fund, Inc.**

**v.**

**Christy Tumlin, as the personal representative of the Estate of Timothy Michael Tumlin, deceased, and as the dependent spouse of Timothy Michael Tumlin, deceased**

**Appeal from Jefferson Circuit Court
(CV-22-902792)**

HANSON, Judge.

Timothy Tumlin ("Tumlin") died as a result of a work-related accident on March 18, 2019. Tumlin's employer, L & C General Contractors, Inc. ("L & C"), filed in the Jefferson Circuit Court ("the trial

court") a declaratory-judgment action ("the workers' compensation action") seeking a determination of the amount of benefits it was required to pay Tumlin's spouse, Christy Reems Tumlin, under the Workers' Compensation Act ("the Act"), § 25-5-1 et seq., Ala. Code 1975. Ultimately, as a result of that action, L & C and Christy Tumlin entered into a settlement agreement pursuant to which Christy Tumlin, "on behalf of the deceased employee," received $65,000 in workers' compensation death benefits. On December 14, 2020, the trial court entered a judgment in the workers' compensation action that incorporated the terms of that settlement agreement.

On December 10, 2020, Christy Tumlin, acting in her capacity as the personal representative of Tumlin's estate ("the estate"), filed in the trial court an action ("the wrongful-death action") against Clements Dean Building Co., LLC ("Clements"), and Billy Franklin Enterprises, Inc. ("Franklin Enterprise"). In the wrongful-death action, which was assigned case number CV-20-904141, the estate alleged claims of wrongful death, negligence, and failure to provide a safe workplace. On February 16, 2021, the Alabama Home Builders Self Insurance Fund, Inc. ("the Fund"), acting as L & C's workers' compensation insurer filed

2

a motion in the wrongful-death action alleging that it had a reimbursement interest in that action and seeking permission to intervene in the wrongful-death action. The Fund attached to its motion to intervene a copy of a proposed complaint in intervention. On March 2, 2021, the trial court entered in the wrongful-death action an order stating: "The motion to intervene filed by [the Fund] is hereby granted, and, as such, the [Fund] may proceed to file and serve its 'complaint in intervention.'" It is undisputed that the Fund did not thereafter file and/or serve on the parties a complaint in intervention in the wrongful-death action.

After the trial court had directed the parties to the wrongful-death action to mediate their dispute, the estate and Clements and Franklin Emterprises, the two defendants to the wrongful-death action, reached a settlement agreement pursuant to which the two defendants agreed to pay the estate the sum of $812,500. The estate and the two defendants then filed a joint motion seeking the dismissal of the wrongful-death action. On September 19, 2022, the trial court entered a judgment dismissing the estate's wrongful-death action with prejudice.

On September 20, 2022, the Fund filed a motion in the wrongful-death action requesting that the trial court "reopen" that action; it also moved to strike the joint stipulation of dismissal entered into by the estate and the two defendants to the wrongful-death action. The Fund argued that it had not agreed to the settlement agreement in the wrongful-death action and that it was entitled to reimbursement, from the settlement proceeds, of death-benefit amounts that it had paid under the Act. On October 17, 2022, the trial court entered in the wrongful-death action an order providing, in part:

> "Earlier in this litigation, the [Fund] asked for, and was granted, permission to intervene in the case. Pursuant to the Court's Order permitting intervention, the [Fund] was to file and serve its proposed complaint in intervention. That never happened so, in this court's opinion, the [Fund] is not a party here. However, later in the case, and before the court entered its final judgment of dismissal, [the estate] purported to add the [Fund] into the case as a defendant with a declaratory-judgment complaint.[1] At the request of the [estate], the declaratory-judgment complaint was later withdrawn, without prejudice, and refiled as a new civil action. That civil action is ongoing herein this court as case number CV-22-902792.
>
> "Wherefore, in light of all of the above, the [Fund's] request to reopen this case and strike the other parties' joint stipulation of dismissal is denied, but the dismissal of this case is changed

---

[1]That document is not included in the record on appeal.

to be without prejudice in light of the ongoing and active dispute between the [estate] and the [Fund]."

As the above-quoted order indicates, on September 16, 2022, the estate filed in the trial court a complaint seeking a declaratory judgment to the effect that any claim by the Fund for reimbursement from the proceeds of the settlement reached in the wrongful-death action was barred by the applicable statute of limitations or because of the Fund's failure to prosecute its claim. That action was assigned trial-court case number CV-22-902792 and is hereinafter referred to as "the declaratory-judgment action." On October 24, 2022, the Fund filed a counterclaim in the declaratory-judgment action in which it sought reimbursement from the settlement proceeds of the wrongful-death action for compensation it had paid under the Act as a result of Tumlin's death.

The estate and the Fund submitted to the trial court a number of joint stipulations in the declaratory-judgment action, many of which are already set forth herein. The parties also agreed that there were no factual disputes between them and that the declaratory-judgment action involved only a question of law, and each party filed a motion for a summary judgment in the declaratory-judgment action.

On November 17, 2023, the trial court entered in the declaratory-judgment action a judgment in which it concluded, as the estate had requested, that the Fund's claim for reimbursement from the settlement proceeds was barred by the statue of limitations.  In granting the estate's motion for a summary judgment,[2] the trial court adopted the reasoning set forth in a proposed judgment submitted by counsel for the estate:

> "[T]he dispositive issue in this case[] is whether [the Fund]'s … claim under Ala. Code [1975,] § 25-5-11(a) is barred by Ala. Code [1975,] § 6-2-38(l) … which imposes a two-year statute of limitations on actions 'for any injury to the person or property of another not arising from contract and not specifically enumerated …'
>
> "The Alabama Supreme Court [sic] has held that 'claims filed pursuant to § 25-5-11 are tort claims for damages.' H&H Wood Co. v. Monticello Ins. Co., 688 So. 2d 38, 40 (Ala. [Civ. App.] 199[5]).  More specifically, the Alabama Supreme Court [sic] has held that a subrogee can acquire no greater rights than those held by the principal, Hardin v. Metlife Auto & Home Ins. Co., 982 So. 2d 522, 525 (Ala. Ci[v]. App. 2007), and therefore the statute of limitations for a subrogated insurers' claim begins to run on the date of the accident giving rise to the underlying claim of its insured. Hardin, 982 So. 2d at 527. In this case, that date is March 18, 2019.
>
> "Because [the Fund] did not bring its claim until October of 2022, more than three-and-a-half years after the accident giving rise to [the estate's] claim, this Court finds and declares that [the Fund's] claim … under Ala. Code[ 1975,] § 25-5-11 is

---

[2]The Fund's summary-judgment motion was expressly denied by the trial court.

barred by the two-year statute of limitations under Ala. Code [1975,] § 6-2-38(l)."

The Fund filed a timely notice of appeal from the November 17, 2023, judgment. The appeal is before this court pursuant to Ala. Code 1975, § 12-2-7(6).

On appeal, the Fund argues that the trial court erred in determining that its claim for reimbursement is time barred. The parties agree that a workers' compensation insurance carrier, such as the Fund, that acts on behalf of an employer to pay monetary benefits to survivors of a deceased employee may seek reimbursement under Ala. Code 1975, § 25-5-11(a), which provides, in pertinent part:

> "(a) If the injury or death for which compensation is payable … was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, whether or not the party is subject to this chapter, the employee, or his or her dependents in case of death, may proceed against the employer to recover compensation under this chapter or may agree with the employer upon the compensation payable under this chapter, and at the same time, may bring an action against the other party to recover damages for the injury or death, and the amount of the damages shall be ascertained and determined without regard to this chapter. … If the injured employee, or in case of death, his or her dependents, recovers damages against the other party, the amount of the damages recovered and collected shall be credited upon the liability of the employer for compensation. If the damages recovered and collected are in excess of the compensation payable under

7

this chapter, there shall be no further liability on the employer to pay compensation on account of the injury or death.  To the extent of the recovery of damages against the other party, the employer shall be entitled to reimbursement for the amount of compensation theretofore paid on account of injury or death.  If the employee who recovers damages is receiving or entitled to receive compensation for permanent total disability, then the employer shall be entitled to reimbursement for the amount of compensation theretofore paid, and the employer's obligation to pay further compensation for permanent total disability shall be suspended for the number of weeks which equals the quotient of the total damage recovery, less the amount of any reimbursement for compensation already paid, divided by the amount of the weekly benefit for permanent total disability which the employee was receiving or to which the employee was entitled. For purposes of this amendatory act,[3] the employer shall be entitled to subrogation for medical and vocational benefits expended by the employer on behalf of the employee; however, if a judgment in an action brought pursuant to this section is uncollectible in part, the employer's entitlement to subrogation for such medical and vocational benefits shall be in proportion to the ratio the amount of the judgment collected bears to the total amount of the judgment."

(Emphasis added.)

Notably, the Fund's statutory right to reimbursement under § 25-5-11(a) from the proceeds secured by the estate's wrongful-death action

---

[3]As the Code Commissioner's Notes to Ala. Code 1975, § 25-5-11, indicate, the reference to "amendatory act" is to Act No. 92-537, 1992 Ala. Acts, which effected numerous procedural and substantive changes to Alabama's workers' compensation laws.

against the third-party tortfeasors persists even in the absence of the Fund's "participation" in that action; indeed, only in rare situations does Alabama law envision that the employer or workers' compensation carrier would have an independent right to commence and maintain such an action on behalf of the dependents of a deceased employee. See Buco Bldg. Constructors, Inc. v. Myrick, 863 So. 2d 1130, 1134 (Ala. Civ. App. 2003) (plurality opinion) (indicating that "the employer's subrogation rights are not foreclosed by its nonparticipation in [a] third-party action"); cf. § 25-5-11(d), Ala. Code 1975 ("In the event the injured employee, or his or her dependents, in case of death, do not file a civil action against the other party to recover damages within the time allowed by law, the employer or the insurance carrier for the employer shall be allowed an additional period of six months within which to bring a civil action against the other party for damages on account of the injury or death").

The Fund posits that there is a difference between the terms "reimbursement" and "subrogation in § 25-5-11(a). We agree. Our supreme court has held that, for the purposes of § 25-5-11(a), there is indeed a distinction between a party seeking subrogation and a party

9

seeking reimbursement for compensation paid under the Act. That court explained:

> "Alabama Code 1975, § 25-5-11, provides, among other things, an employee the right to maintain an action against an employer for workers' compensation benefits in connection with an on-the-job injury while at the same time pursuing an action for damages against a third party for that same injury. Section 25-5-11 further allows a dependent of a deceased employee to file a wrongful-death action under Ala. Code 1975, § 6-5-410, against third parties for the wrongful death of the employee. Millers Mut. Ins. Ass'n v. Young, 601 So. 2d 962 (Ala. 1992).

> "… If an employer has paid workers' compensation benefits to an employee or death benefits to the dependents of a deceased employee, then the employer may be reimbursed for those benefits from any damages award received in the action against the third party: 'To the extent of the recovery of damages against the other party, the employer shall be entitled to reimbursement for the amount of compensation theretofore paid on account of injury or death.' Ala. Code 1975, § 25-5-11(a).

> "This Court has held that § 25-5-11(a) allows an employer to intervene in a wrongful-death action to be reimbursed for benefits or compensation it paid. Ex parte Cincinnati Ins. Co., 689 So. 2d 47 (Ala. 1997); Millers Mut. Ins. Ass'n v. Young, supra. Before 1992, § 25-5-11 allowed reimbursement only for 'compensation,' which this Court had concluded did not include medical expenses. See Liberty Mut. Ins. Co. v. Manasco, 271 Ala. 124, 123 So. 2d 527 (1960). Thus, although an employer could be reimbursed for any workers' compensation benefits or death benefits paid to the employee or the deceased employee's dependents, the employer could not be reimbursed for medical benefits expended to care for the injured employee. In 1992, § 25-5-

10

11(a) was amended to add the following language, which is pertinent in the instant case: 'For purposes of this amendatory act, the employer shall be entitled to <u>subrogation</u> for medical and vocational benefits expended by the employer on behalf of the employee.' (emphasis added); see Ala. Acts 1992, No. 92-537, § 8 (effective May 19, 1992).

"....

"Section 25-5-11(a) provides that an employer has a right to '<u>reimbursement</u>' of compensation and benefits. As to medical benefits, however, the Code section states something different: 'the employer shall be entitled to <u>subrogation</u> for medical and vocational benefits.' The use of two different terms -- 'reimbursement' and 'subrogation' -- is a distinction that we infer has meaning. The 1992 amendment specifically used the term 'reimbursement' in reference to compensation and 'subrogation' in reference to medical benefits. '[W]hen the legislature uses certain language in one part of the statute and different language in another, the court assumes different meanings were intended.... The use of different terms within related statutes generally implies that different meanings were intended.' 2A Norman Singer, <u>Sutherland on Statutes and Statutory Construction</u> § 46:06, at 194 (6th ed. 2000) (footnotes omitted). We presume that the use of two different words indicates that the legislature intended the two words be treated differently.

"'Reimbursement' is a broad term implicating a simple repayment or indemnification. <u>Black's Law Dictionary</u> 1312 (8th ed. 2004). Prior decisions interpreting this term for purposes of § 25-5-11(a) have interpreted it to refer to the repayment of compensation from the proceeds of an action against a third party, whether a negligence action or a wrongful-death action. Thus, an employer who had paid workers' compensation benefits, including disability or death benefits, is entitled to be reimbursed for those payments, even from a punitive-damages award. See, e.g., <u>Millers Mut. Ins.</u>

11

Ass'n v. Young, supra (an employer may be reimbursed from the punitive-damages award in a wrongful-death action filed by a deceased employee's estate for death benefits the employer has paid).

"This Court, however, has equated the word 'subrogation' in § 25-5-11(a) specifically with the equitable doctrine of subrogation. …

"….

"The 1992 legislation amending [§] 25-5-11(a) used this term [('subrogation')] instead of 'reimbursement,' which was retained in other portions of the Code section, and we believe that the legislature's use of two different words indicates a distinction between the terms. We thus hold that the term 'subrogation' as used in § 25-5-11(a) refers to the equitable doctrine of subrogation. [Ex parte] BE&K Constr. Co., 728 So. 2d 621, 623-24 (Ala. 1998).]

"Under the equitable doctrine of subrogation, 'a subrogee steps into the shoes of its subrogor and that subrogee only gets those rights that its subrogor has. The subrogee can have no greater rights.' Star Freight, Inc. v. Sheffield, 587 So. 2d 946, 958 n.5 (Ala. 1991). Because Liberty Mutual would not be able to recover medical expenses from Indiana Mills and Manufacturing if it were to step into Trott's shoes in the wrongful-death action, we hold that the Liberty Mutual's right to subrogation under § 25-5-11(a) similarly would not allow the recovery of medical benefits from the proceeds of Trott's wrongful-death action."

Trott v. Brinks, Inc., 972 So. 2d 81, 83-87 (Ala. 2007) (footnotes omitted).

In this case, it is undisputed that the Fund paid only death benefits, i.e., compensation, see § 25-5-11(a) and Trott, supra, as a result of the

workers' compensation action and that no amount of future medical benefits or vocational benefits is at issue in this matter. Thus, under the holding of Trott, supra, the Fund's claim under § 25-5-11(a) is more properly categorized as one seeking reimbursement, as the Fund urges, as opposed to asserting a subrogation claim, as the estate contends and the trial court ruled.[4]

Yet the question remains: did the trial court err in concluding that the Fund's reimbursement claim was untimely asserted? Ala. Code 1975, § 6-2-30(a), provides that "[a]ll civil actions must be commenced <u>after the cause of action has accrued</u> within the period prescribed in [Article 2 of Chapter 2 of Title 6] and not afterwards, unless otherwise specifically

---

[4]In certain cases preceding <u>Trott v. Brinks</u>, 972 So. 2d 81 (Ala. 2007), our courts, in addressing rights of recovery set forth in § 25-5-11 inuring to the benefit of an employer or a workers' compensation insurance carrier, have used the terms "reimbursement" and "subrogation" interchangeably. <u>See</u>, <u>e.g.</u>, <u>Davidson v. Pet, Inc.</u>, 644 So. 2d 896, 898 (Ala. Civ. App. 1994); <u>Millers Mut. Ins. Assoc. v. Young</u>, 601 So. 2d 962 (Ala. 1992); <u>State Farm Mut. Auto. Ins. Co. v. Cahoon</u>, 287 Ala. 462, 252 So. 2d 619 (1971); <u>Liberty Mut. Ins. Co. v. Manasco</u>, 271 Ala. 124, 126, 123 So. 2d 527, 529 (1960); <u>River Gas Corp. v. Sutton</u>, 701 So. 2d 35, 39 (Ala. Civ. App. 1997); <u>H&H Wood Co. v. Monticello Ins. Co.</u>, 668 So. 2d 38, 40 (Ala. Civ. App.) (main opinion of a single judge of this court), <u>cert. denied</u>, 668 So. 2d 40 (Ala. 1995). <u>Trott</u> specifically stated that the two terms encompass different concepts, however, and we are bound by that precedent, <u>see</u> Ala. Code 1975, § 12-3-16.

provided for in this code." (Emphasis added.) Although the trial court viewed the Fund's claim to portions of the proceeds obtained by the estate in the third-party action as necessarily having accrued at the time of Tumlin's death, the statutory right sought to be vindicated by the Fund is expressly predicated upon the existence and extent of the estate's "damages recovered and collected." Indeed, our legislature has mandated that "the employer shall be entitled to reimbursement for the amount of compensation theretofore paid on account of injury or death" if the estate "recover[s] … damages against the [third] party" tortfeasor(s), and only "[t]o th[at] extent." Ala. Code 1975, § 25-5-11(a); see also Harrell v. Pet, Inc., Bakery Div., 664 So. 2d 204, 207 (Ala. Civ. App. 1994) (noting that employer waived its right, in an action seeking compensation under the Act, to seek a setoff pursuant to § 25-5-11(a) by failing to timely inject issue of employee's recovery of damages against responsible third parties, but adding that it would have been necessary for the employer to "not only prove that such damages were recovered, but, also, that they have been collected").

As Presiding Judge Moore aptly noted in his treatise on workers' compensation law, § 25-5-11(a) "does not provide for any particular

period in which an action to enforce a credit right must be brought or otherwise establish any peculiar procedure to follow to decide a controversy over the distribution of the proceeds of a third-party action." 2 Terry A. Moore, Alabama Workers' Compensation § 21:70.50 (2d ed. 2013). Assuming, without deciding, that the trial court correctly determined that an estate's failure to reimburse a workers' compensation insurance carrier is "an[] injury to the … rights of another not arising from contract" within the two-year statute of limitations set forth in § 6-2-38(l) (as opposed to, for example, a money-had-and-received claim subject to a six-year statute of limitations, see Snider v. Morgan, 113 So. 3d 643, 656 (Ala. 2012)), that cause of action did not accrue for limitations purposes until, in early September 2022, the estate received settlement proceeds stemming from the wrongful-death action (which, in this case, were stipulated to have been a gross amount of $812,500, although the estate's counsel had a 40% contingency-fee agreement and incurred $30,842.50 in litigation expenses). The Fund's counterclaim seeking to enforce its reimbursement rights under § 25-5-11(a) was filed on October 24, 2022, well within two years of the accrual of the pertinent cause of

15

action; thus, the trial court's judgment concluding that the Fund's counterclaim was untimely is erroneous.

In reversing the trial court's judgment, we emphasize that we are bound by the statutes enacted at the behest of our legislature and by the decisions of our supreme court. Neither the choices of legislatures of other states nor the decisions of foreign courts interpreting such legislation are similarly binding considerations. The last time that our legislature weighed in on the issue of employer rights in the context of third-party tort recoveries was in 1992, and, at that time, the legislature expressly provided for a means by which employers and workers' compensation insurance carriers could be subrogated to an employee's rights when the employer had expended medical and vocational benefits on the employee's behalf. Whether further changes to the Act ought to be made is a matter for the informed discretion of that august body, rather than this court. As this court observed in Hill v. Campbell, 804 So. 2d 1107, 1116 (Ala. Civ. App. 2001), "[i]t is our job to say what the law is, not what it should be."

For the reasons stated herein, the summary judgment entered in favor of the estate is reversed. Because the Fund did not raise as an issue

16

the correctness of that portion of the trial court's judgment denying its own summary-judgment motion, we, rather than rendering a judgment in favor of the Fund, deem it prudent to remand the cause to the trial court for the entry of a judgment or for further proceedings consistent with this opinion. Cf. Liberty Mut. Ins. Co. v. D & G Trucking, Inc., 966 So. 2d 266, 271 (Ala. Civ. App. 2006) (indicating that an appellant, for purposes of appellate review in connection with a pretrial final judgment in favor of an adversary, may raise issues based upon the trial court's denial of the appellant's own summary-judgment motions).

REVERSED AND REMANDED.

Moore, P.J., and Fridy and Lewis, JJ., concur.

Edwards, J., concurs in the result, without opinion.